**Devorah SHABTAI, Plaintiff–Appellant,**

v.

**Eric LEVANDE, Esther Levande, Paul Levande, Chester Harhut, Judge, Defendants,**

**Community Medical Center, Scranton Police Department, Defendants–Appellees.**

**Docket No. 01–7555.**

United States Court of Appeals, Second Circuit.

June 26, 2002.

Devorah Shabtai, pro se, Brooklyn, NY, for Appellant.

Paul A. Barrett, O'Malley & Harris, P.C., Scranton, PA, for Community Medical Center, for Appellee.

Present MESKILL, SACK and BRIGHT,* Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court, dated April 19, 2001, be, and it hereby is, **AFFIRMED.**

Devorah Shabtai, *pro se* and *in forma pauperis*, 28 U.S.C. § 1915(a), appeals from a judgment of the United States District Court for the Eastern District of New York (Frederic Block, *Judge*) granting the defendants' motion to dismiss her complaint for failure to provide a clear and concise statement of her claims, *see* Fed. R.Civ.P. 8, and dismissing her complaint with prejudice. *Shabtai v. Levande*, No. 99–CV–8466, 2001 U.S. Dist. LEXIS 617, 2001 WL 77064 (E.D.N.Y. Jan. 23, 2001).

In December 1999, Shabtai filed a complaint against Eric Levande, her ex-husband; Paul and Esther Levande, her ex-husband's parents; Judge Chester Harhut, a Pennsylvania Family Court Judge; the Community Medical Center; and the Scranton Police Department. The complaint totals 140 single-spaced pages, with more than 900 paragraphs, not including several unenumerated subsections. The document consists principally of a first-person narrative describing in detail Shabtai's marriage to Levande and her experiences with his parents and the community of Scranton, Pennsylvania. It also describes Shabtai's interactions with Judge Harhut, who presided over her divorce from Levande and awarded him custody of their child. Judge Harhut further ordered Shabtai to undergo ten days' counseling at the Community Medical Center. The complaint discusses, *inter alia*, the Scranton Police Department's role in enforcing that order.

Shabtai's complaint enumerates at the outset claims for fraudulent inducement, intentional infliction of emotional distress, unjust enrichment, defamation, breach of contract, and negligence, but it does not make clear the factual predicate for these claims. The complaint alleges that the district court may exercise diversity jurisdiction over the action, *see* 28 U.S.C. § 1332(a)(1), but it provides no basis for the court's personal jurisdiction over the defendants. *Shabtai*, 2001 U.S. Dist. LEXIS 617, at *1, 2001 WL 77064, at *1. Shabtai's complaint seeks $30 million in compensatory and punitive damages.

Community Medical Center moved to dismiss the complaint pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. It argued that the district court lacked personal jurisdiction over the defendants, and that the complaint failed to provide a clear and concise statement of Shabtai's cause or causes of action. Levande moved to dismiss on similar grounds. Both parties urged that, in the alternative, the matter should be transferred to the United States District Court for the Middle District of Pennsylvania.

In September 2000, Shabtai filed a "partial answer" to the defendants' motions in which she restated the facts surrounding her marriage to Levande and the alleged conspiracy among him and the other defendants. Shabtai argued that the matter should not be transferred to Pennsylvania because (1) Pennsylvania's judges had a conflict of interest based on the complaint's allegations of judicial misconduct; and (2) most of the events at issue took place in New York. Shabtai did not file any further documents in opposition to the defendants' motions.

---

* Of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

686

On January 24, 2001, the district court granted the motions and dismissed Shabtai's complaint for failure to comply with Fed.R.Civ.P. 8. *Shabtai,* 2001 U.S. Dist. LEXIS 617, at *1, 2001 WL 77064, at *1. The district court granted Shabtai leave to file an amended complaint within sixty days, provided that her amended complaint "set forth the legal basis and factual allegations to support each alleged wrongful act of each defendant, and the relief she is seeking with respect thereto." *Id.* The court also advised Shabtai that a complaint must state the factual basis for the court's exercise of personal jurisdiction over each defendant. *Id.; see* Fed. R.Civ.P. 8(a)(1).

On March 12, 2001, Shabtai informed the court that she had retained an attorney to assist her in bringing her complaint in compliance with Fed.R.Civ.P. 8, and that the attorney would require additional time properly to prepare the complaint. The court granted Shabtai an extension until April 23, 2001, to enable her newly retained counsel to file an amended complaint.

By letter dated April 17, 2001, Shabtai informed the court that her attorney had not prepared an amended complaint incorporating her claims. Instead, he had refunded half of her $2000 fee and provided her with a "memorandum" describing the appropriate form for a civil complaint. Shabtai requested an additional thirty-day extension to seek substitute counsel or to prepare the amended complaint *pro se.* The court declined, and by order dated April 19, 2001, dismissed Shabtai's complaint with prejudice. This appeal followed.

We review dismissals for failure to comply with Rule 8 for abuse of discretion. *Kittay v. Kornstein,* 230 F.3d 531, 541 (2d Cir.2000). Rule 8 requires that a complaint contain "a short and plain statement

of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The statement must be concise "because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988) (internal quotation marks omitted).

Dismissal of a complaint for failure to comply with Rule 8 is generally reserved for those cases in which the complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* Rule 8 does not require a plaintiff to prove her case at the pleading stage. The complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of h[er] claim which would entitle h[er] to relief." *Id.* at 43 (internal quotation marks omitted). This lax standard should be applied especially liberally when reviewing a *pro se* complaint. *See Simmons v. Abruzzo,* 49 F.3d 83, 87 (2d Cir.1995) (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam)).

Here, however, we conclude that the district court did not abuse its discretion in granting the motion to dismiss pursuant to Rule 8. As written, the complaint effectively requires the defendants and the court to plead Shabtai's case and determine the potential bases for relief on her behalf. Imposition of this burden on the defendants would be inappropriate and unjust. *See Salahuddin,* 861 F.2d at 42.

Moreover, Fed.R.Civ.P. 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons,* 49 F.3d at 87 (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). We review dismissals pursuant to Rule

41(b) for abuse of discretion. *LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 209 (2d Cir.2001).

"[T]his court has repeatedly detailed factors ... to be considered before dismissal for failure to comply with a court order;" and here, too, where a litigant acts *pro se,* district courts should conduct this analysis with leniency. *Lucas v. Miles,* 84 F.3d 532, 534–35 (2d Cir.1996). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute pursuant to Fed.R.Civ.P. 41(b) must consider:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district court judge has take[n] care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*Nita v. Connecticut Dep't of Env. Protection,* 16 F.3d 482, 485 (2d Cir.1994) (internal quotation marks and citations omitted). Applying these factors to the circumstances of the instant case, we conclude that the district court did not abuse its discretion under Fed.R.Civ.P. 41(b).

We note that our disposition does not foreclose Shabtai from pursuing, should she choose, potential claims against her former counsel, whose services apparently consisted of providing her with a boilerplate document at the eleventh hour. We further note that the *res judicata* and collateral estoppel effects of our disposition is necessarily limited by (1) the posture of a Rule 8 dismissal, which can make it difficult to discern which claims, if any, may properly be deemed precluded in a subsequent federal action; and (2) any viable state-law causes of action Shabtai may have in light of applicable principles of state preclusion law.

Finally, Shabtai requested that another case pending before this Circuit be consolidated with this case. *Shabtai v. City of New York,* No. 01 CV 502(FB), 2001 U.S. Dist. LEXIS 21277, 2001 WL 1646520 (E.D.N.Y. Dec. 17, 2001). Because that matter is before another panel and involves unrelated issues, consolidation would be inappropriate. *Cf. General Motors Corp. v. City of New York,* 501 F.2d 639, 648 (2d Cir.1974).

For the foregoing reasons, the judgment of the district court is AFFIRMED.