Bradford **APPLEGATE**, Plaintiff–Appellant,

v.

S. **CARLSON**, Anthony J. Annucci, G. Schieder, D.S.S, G. Schieder, Lt., A. Pelc, R. Santor, T. Ricks, C.O. Gardner, F.G. Bennett, Jr., William J. Hopkins, Defendants–Appellees.

No. 02–0220.

United States Court of Appeals, Second Circuit.

June 14, 2004.

---

Bradford Applegate, Comstock, N.Y. (on submission), for Appellant, pro se.

Wayne L. Benjamin, New York State Attorney General's Office, Albany, N.Y. (on submission, without brief), for Appellees.

Present: WALKER, Chief Judge, WINTER, and JACOBS, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **VACATED** and the action is **REMANDED** for further proceedings.

Plaintiff-appellant Bradford Applegate appeals the judgment of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *District Judge*), conditionally dismissing his 42 U.S.C. § 1983 action for failure to comply with Fed.R.Civ.P. 8, and the district court's subsequent entry of judgment against him. The district court had directed Applegate to file an amended complaint to prevent his action from being dismissed. Applegate did not file an amended complaint, but stated his belief that his original complaint, as filed, was sufficient to satisfy the requirements of Rule 8. Because we find that Applegate's original complaint was sufficient to "enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial," *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir.1995) (internal quotation marks and citations omitted), we agree that his complaint was sufficient to satisfy Rule 8's "extremely permissive" standard. *See Wynder v. McMahon*, 360 F.3d 73, 77 (2d Cir.2004). We therefore vacate the district court's dismissal of Applegate's action and remand for further proceedings.

We note that, upon remand, the district court is authorized by Fed.R.Civ.P. 12(f) to strike those portions of the complaint that it believes to be redundant or immaterial. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42–43 (2d Cir.1988).

For the reasons set forth above, the judgment of the district court is hereby **VACATED** and the matter is **REMANDED** for further proceedings in accordance with this order.