09-3938-cv
The People of the State of New York v. Parenteau

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of June, two thousand and ten.

PRESENT:

GUIDO CALABRESI,
ROSEMARY S. POOLER,
DENNY CHIN,
    *Circuit Judges*.

_____

The People of the State of New York, Town of Lloyd Court,

    *Plaintiff-Appellee*,

    v.                               No. 09-3938-cv

Ed Parenteau,

    *Defendant-Appellant.*

_____

For Appellant:                    ED (GEORGE) PARENTEAU, *pro se*, Kearny, New Jersey.

For Appellee:                      Attorney General's Office, State of New York, New York, New York.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED AND DECREED** that the decision of the district court is **AFFIRMED**.

Defendant-Appellant Ed Parenteau, *pro se*, appeals from the judgment of the United States District Court for the Northern District of New York (Suddaby, J.), denying Appellant's second motion for reconsideration from the dismissal of his notice of removal.  We assume the parties' familiarity with the facts and procedural history.

Appellant's notice of appeal references only the district court's September 2009 order denying Appellant's second motion for reconsideration. It does not mention the district court's August 2009 order denying his first motion for reconsideration or the July 2009 order dismissing the notice of removal. Although *pro se* notices of appeal should be liberally construed, *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995), the failure to identify an order in a notice of appeal deprives this Court of jurisdiction to review that order. *New Phone Co. v. City of New York*, 498 F.3d 127, 131 (2d Cir. 2007) (per curiam) ("Our jurisdiction . . . depends on whether the intent to appeal from [a] decision is clear on the face of, or can be inferred from, the notice[] of appeal."). Therefore, we lack jurisdiction to review the earlier orders.

We review an appeal from the denial of a motion for reconsideration for an abuse of discretion.  *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004).  A motion for reconsideration is "generally not favored and is properly granted only upon a showing of exceptional circumstances."  *Id*. (internal quotations omitted). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Thus, a motion to reconsider should not be granted where the moving party is solely attempting to relitigate an issue that already has been decided.  *Id.*

2

Appellant did not point to any change in law that would have altered the district court's findings, but, rather, reiterated his earlier arguments that the state court action was improperly converted into a criminal action when it was, in fact, a civil action. Moreover, although Appellant claimed that the district court did not address his amended notice of removal or his motion to rescind the district court's order dismissing his notice of removal, the district court specifically considered both documents. The district court correctly determined that Appellant had not established any basis for removal. The court also considered Appellant's motion to rescind, construed it as a motion for reconsideration, and denied the motion.

We have reviewed Appellant's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk