49 F.3d 83
 31 Fed.R.Serv.3d 566
 Noah Hancock SIMMONS II, Plaintiff-Appellant,
v.
Natale ABRUZZO, Warden, James Oliver, Doctor, John Doe,
Doctor, Jane Doe, Doctor, Jenco Yucel, Anne Davis
and City of New York Health & Hospitals
Corporation, Defendants-Appellees.
 No. 433, Docket 94-2207.
 United States Court of Appeals,
Second Circuit.
 Submitted Jan. 13, 1995.
Decided Feb. 24, 1995.
 
 Noah Hancock Simmons II, plaintiff-appellant pro se.
 Paul A. Crotty, Corp. Counsel of the City of New York, New York City (Elizabeth Dvorkin, New York City, of counsel), for defendants-appellees.
 Before: KEARSE, McLAUGHLIN, and CABRANES, Circuit Judges.
 KEARSE, Circuit Judge:
 
 
 1
 Plaintiff Noah Hancock Simmons II, a New York State prisoner proceeding pro se, appeals from a final judgment of the United States District Court for the Southern District of New York, Robert P. Patterson, Jr., Judge, dismissing his amended complaint brought under 42 U.S.C. Sec. 1983 (1988) for damages principally against physicians and the New York City Health & Hospitals Corporation ("HHC") with regard to treatment Simmons received while a pretrial detainee in the custody of the City of New York ("City"). The district court dismissed the amended complaint sua sponte, stating that Simmons had failed to comply with a court order to provide a clear and concise statement of his claims. For the reasons below, we vacate the judgment and remand for further proceedings.
 
 I. BACKGROUND
 
 2
 Simmons commenced the present action pro se in August 1992, and applied several times for the appointment of counsel to represent him. The district court denied these applications, stating that the allegations of the complaint were not sufficiently clear to warrant the appointment of counsel. In October 1993, Simmons served an amended complaint. According to appellees' brief on this appeal, the filing of the amended complaint was delayed because of Simmons's initial failure to sign "a stipulation drafted for his benefit by defendants' counsel" to permit him to file the amended complaint (appellees' brief on appeal at 2), since the original complaint had been answered. By order dated January 20, 1994, the district court warned Simmons that if he did not file the stipulation and amended complaint by February 10, 1994, his case could be dismissed for lack of prosecution. Simmons thereafter signed the stipulation, and the amended complaint was duly filed on February 9.
 
 
 3
 The amended complaint, a total of about 4 1/2 single-spaced pages, comprises 2 1/2 pages of narrative as to the events of which Simmons complains, 1 1/2 pages of legal "contentions," and a 1/2-page request for relief. Read liberally, the amended complaint asserted that in January 1992, Simmons, a partially paralyzed pretrial detainee, received deliberately indifferent or intentionally harmful treatment with respect to his diagnosed condition of pneumonia. The narrative section included the following factual allegations. On January 5, 1992, when Simmons was in the City's Rikers Island detention facility's infirmary complaining of various symptoms, two nurses, in collaboration with defendant James Oliver, took Simmons's temperature and observed that it was 105? , but deliberately recorded it as normal. When his condition deteriorated due to lack of medical attention, Simmons was taken to Kings County Hospital, where he tested negative for tuberculosis and was diagnosed as having bacterial pneumonia, for which certain medicine was prescribed. Upon his return to the Rikers Island infirmary, Simmons was refused the medication prescribed for his pneumonia. The Rikers Island medical staff instead asserted that Simmons had tuberculosis, notwithstanding the negative test results at Kings County Hospital; and despite Simmons's difficulty in breathing due to his pneumonia, they forced him to wear a mask that further obstructed his breathing. Simmons was then transferred to Bellevue Hospital; in the process, he was left lying outside in the cold January air awaiting transport. Thereafter, at Bellevue Hospital, while having chills, he was stripped of his clothing in cold ambient temperatures; he was further kept chained for several hours by a doorway exposed to the cold January air. When Simmons complained to physicians at various times about the treatment he was receiving, Oliver "shrugged"; defendant Jenco Yucel "grinn[ed]." No medication was ever given Simmons for his pneumonia. The amended complaint also alleged that during these events Simmons was subjected to racial slurs.
 
 
 4
 An answer to the amended complaint was filed on behalf of defendants Natale Abruzzo and HHC on February 17. (The answer stated that the physician defendants had not been served. Although the letter brief filed by the City's Corporation Counsel on this appeal states that it is on behalf of "the appellees," it is not clear from the record that the physician defendants were ever served. Accordingly, our general references hereafter to "defendants" may be to fewer than all of the named defendants.) The February 17 answer, while denying allegations of wrongdoing and providing slightly different dates for some events, admitted that in January 1992, Simmons had been admitted to the Rikers Island infirmary, was thereafter taken to Kings County Hospital where he was examined and x-rayed, was returned to the Rikers Island infirmary, and was thereafter taken to Bellevue Hospital, and that chest x-rays taken of Simmons at Bellevue Hospital on January 15 were negative for tuberculosis.
 
 
 5
 In the meantime, prior to the filing of the amended complaint and answer, Simmons, by letter dated January 24, 1994, had again sought the appointment of counsel to represent him and had asked to have his letter construed as a motion for summary judgment in his favor. Defendants opposed these requests in a letter dated February 10, 1994, and stated that they intended to move for leave to take Simmons's deposition in order to clarify the bases for the claims asserted in his amended complaint. On February 15, the district court denied both of Simmons's requests. It denied the motion for the appointment of counsel in an order endorsed on defendants' February 10 letter ("February 15 Counsel Denial Order"), stating as follows:
 
 
 6
 Plaintiff's motion for the appointment of counsel is denied without prejudice to its renewal upon plaintiff['s] providing the court by 3/15/94 with a clear and concise statement of his claim so that pro bono counsel can consider it.
 
 
 7
 The court denied Simmons's request for summary judgment in an order endorsed on Simmons's January 24 letter ("February 15 Summary Judgment Denial"), stating as follows:
 
 
 8
 Application denied. This letter does not comply with the requirements of Rule 56 of the Federal Rules of Civil Procedure or Rule 3(G) of the local rules for the Southern and Eastern district courts. Plaintiff is required to respond to defendants' request to take his deposition for the limited purpose of determining his claim or filing papers with the court by 3/15/94.
 
 
 9
 On March 24, defendants wrote the court stating that they had received neither a response from Simmons to their request to take his deposition, nor " 'a clear and concise statement of [plaintiff's] claims' which Your Honor's endorsement of defendants' February 10 letter ordered plaintiff to provide." (Defendants' letter to district court dated March 24, 1994.) Defendants requested leave to take Simmons's deposition for the purpose of clarifying his claims. On March 28, by order endorsed on this letter ("March 28 Order"), the district court instead dismissed the action:
 
 
 10
 Application Denied. Plaintiff has failed to file a clear and concise statement of his claim as ordered by the Court on February 15[,] 1994. Upon further review this case is dismissed because the complaint is "confused, ambiguous, vague and otherwise unintelligible so that its true substance is well disguised" and not in compliance with Rule 8 of the Federal Rules of Civil Procedure. Gillibeau v. City of Richmond[,] 417 F.2d 426, 431 (9th Cir.1969); Salahuddin v Cuomo[,] 861 F.2d 40, 42 (2nd Cir.1988).
 
 
 11
 Judgment was entered dismissing the action.
 
 
 12
 For the reasons that follow, we vacate the judgment and remand for further proceedings.
 
 II. DISCUSSION
 
 13
 The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), and that each averment be "concise, and direct," Fed.R.Civ.P. 8(e)(1). "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." 2A Moore's Federal Practice p 8.13, at 8-58 (2d ed. 1994); see Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir.1988) ("principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial").
 
 
 14
 When a complaint fails to comply with these requirements, the district court has the power, on motion or sua sponte, to dismiss the complaint or to strike such parts as are redundant or immaterial. See Salahuddin v. Cuomo, 861 F.2d at 42. "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. Further, if the court dismisses the complaint for failure to comply with Rule 8, it should generally give the plaintiff leave to amend. This is especially true when the complaint states a claim that is on its face nonfrivolous. Indeed, in vacating the with-prejudice dismissal in Salahuddin v. Cuomo, we indicated that since the 15-page complaint, though prolix, gave the defendants notice of the substance of certain claims that were not frivolous on their face, a with-prejudice dismissal of even a subsequent similar amended complaint would be inappropriate. See 861 F.2d at 43 (suggesting that if future amended complaint failed to comply with Rule 8, court could simply strike redundant or scandalous matter, leaving the nonfrivolous claims to be litigated).
 
 
 15
 In determining whether or not a nonfrivolous claim is stated, the complaint's allegations must of course be taken as true, and the "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). The complaint of a pro se litigant is to be liberally construed in his favor. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (per curiam).
 
 
 16
 The district court also has the power under Fed.R.Civ.P. 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute. See, e.g., Link v. Wabash Railroad Co., 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962); Harding v. Federal Reserve Bank of New York, 707 F.2d 46, 50 (2d Cir.1983). Whether the dismissal is for failure to comply with Rule 8 or for failure to comply with a court order, the dismissal is reviewable for abuse of discretion. See, e.g., Salahuddin v. Cuomo, 861 F.2d at 42 (Rule 8 dismissal); Harding v. Federal Reserve Bank of New York, 707 F.2d at 50 (dismissal for failure to comply with deadline for filing amended complaint).
 
 
 17
 We have several difficulties with the district court's dismissal of the amended complaint in the present case. First, though the March 28 Order stated that "the complaint is 'confused, ambiguous, vague and otherwise unintelligible so that its true substance is well disguised,' " we think it clear that Simmons's amended complaint gave defendants fair notice of the claims asserted. The amended complaint asserted, inter alia, that certain named medical staff members observed that Simmons's temperature was 105? but deliberately recorded it as normal; that despite the Kings County Hospital diagnosis that Simmons had pneumonia, defendants at Rikers Island and Bellevue Hospital refused to give him the prescribed medication, and, with malice or deliberate indifference, repeatedly exposed him to cold ambient temperatures and took steps that increased rather than relieved his breathing difficulty. Though perhaps some details are lacking, the amended complaint (a) indicated that all of the events complained of took place in January 1992, (b) specified which events took place at which medical facility, and (c) in many instances ascribed specific acts to specific individual defendants. Whatever extraneous details or comments may also be included, there can be no doubt that the amended complaint on its face gave defendants adequate notice of the substance of Simmons's claims. Further, whatever the proof may eventually show, the amended complaint, given its allegations of mistreatment and deliberate indifference to Simmons's diagnosed medical condition, could not properly be dismissed for failure to state a claim upon which relief can be granted. See City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 243-44, 103 S.Ct. 2979, 2982-83, 77 L.Ed.2d 605 (1983) (deliberate indifference to medical needs of pretrial detainee violates Due Process Clause).
 
 
 18
 Moreover, defendants themselves, while seeking clarification through ordinary discovery channels, did not even remotely suggest that the amended complaint failed to comply with Rule 8, or that it did not give them notice of the substance of Simmons's claims, or that it was otherwise unintelligible. Simmons had first served his amended complaint on the original defendants in October 1993, and it was filed in February 1994 pursuant to a stipulation so-ordered by the district court. Far from viewing the amended complaint as unintelligible, the served defendants stipulated to its filing, and they then promptly answered it. Indeed, it is evident that defendants understood the nature of Simmons's claims even from his original complaint, for in requesting an extension of time to answer that pleading, they stated that they were "in the process of assembling records from the Department of Correction and the Health and Hospitals Corporation relevant to this matter." (Defendants' letter to district court dated January 28, 1993.) In light of defendants' demonstrated ability to understand Simmons's claims and to file answers to his pleadings, and in light of the amended complaint's statement of nonfrivolous claims, the dismissal with prejudice for failure to comply with Rule 8 was an abuse of discretion.
 
 
 19
 In addition, the district court's statement in its March 28 Order that Simmons had been "ordered by the Court on February 15" to file a clear and concise statement of his claims, though echoing a characterization made by defendants in their March 24 letter, is not supported by the record. The only reference to the clear-and-concise-claim requirement in either of the orders dated February 15 was in the February 15 Counsel Denial Order, in which the court stated only that Simmons's request for appointment of counsel was "denied without prejudice to its renewal upon plaintiff['s] providing the court by 3/15/94 with a clear and concise statement of his claim so that pro bono counsel can consider it." Thus, the filing by March 15 of a clear and concise statement of Simmons's claims was made a condition precedent to any further request for counsel; but Simmons was not required to renew his counsel application and was not ordered to file a new complaint in the absence of such a renewed application.
 
 
 20
 Finally, to the extent that defendants seek to defend the judgment on the theory that the district court dismissed the amended complaint because Simmons had failed to submit to discovery, we disagree. There is no reference in the March 28 Order to discovery. Nor would a discovery-based rationale have been appropriate. Dismissal with prejudice for discovery failures is a harsh sanction that is to be used only in extreme situations, see, e.g., Theilmann v. Rutland Hospital, Inc., 455 F.2d 853, 855 (2d Cir.1972) (per curiam), and then only after (a) the court finds willfulness, bad faith, or fault on the part of the party refusing discovery, and (b) the court gives notice, especially to a pro se litigant, that violation of the court's order will result in a dismissal of the case with prejudice. See Bobal v. Rensselaer Polytechnic Institute, 916 F.2d 759, 764 (2d Cir.) (dismissal with prejudice as sanction for abuse of discovery held improper without prior notice), rev'd on rehearing on ground that notice had in fact been given, id. at 765 (2d Cir.1990), cert. denied, 499 U.S. 943, 111 S.Ct. 1404, 113 L.Ed.2d 459 (1991). We have seen in the record no warning by the district court to Simmons that failure to submit to discovery would result in the dismissal of his amended complaint.
 
 CONCLUSION
 
 21
 In sum, dismissal on the stated ground that Simmons had failed to comply with a February 15 order to amend his complaint is unsupportable because the order referred to did not in fact order Simmons to file a new complaint. Dismissal with prejudice was inappropriate because the amended complaint stated nonfrivolous claims and sufficed to give defendants notice of the substance, and many of the details, of Simmons's claims. Further clarification of his claims may properly be gained through discovery. We conclude that the district court's dismissal of the amended complaint was an abuse of discretion.
 
 
 22
 We have considered all of defendants' arguments in support of the dismissal and have found them to be without merit. The judgment of the district court is vacated, and the matter is remanded for further proceedings not inconsistent with this opinion.
 
 
 23
 Costs are awarded to plaintiff against those defendants who have been served.