**Susan R. FRASIER, Plaintiff–Appellant,**

v.

**Mel MARTINEZ, as United States HUD Secretary, U.S. Department of Housing & Urban Development, Defendant–Appellee.**

**Docket No. 01–6223.**

United States Court of Appeals, Second Circuit.

March 27, 2002.

Susan R. Frasier, Albany, New York, pro se, for Appellant.

Elizabeth S. Riker, Assistant United States Attorney; Paula Ryan Conan on the brief, for Joseph A. Pavone, United States Attorney for the Northern District of New York, Syracuse, New York for Appellees.

**52**

Present LEVAL, SOTOMAYOR, Circuit Judges, and RAGGI, District Judge.*

## SUMMARY ORDER

IN CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AF-FIRMED.

Plaintiff Susan Frasier appeals from a judgment of the district court dismissing her action. On May 2, 2001, plaintiff filed a complaint seeking, *inter alia,* a writ of mandamus compelling the Secretary of the United States Department of Housing and Urban Development ("HUD") to commence debarment proceedings against her landlord. On May 10, 2001, the district court issued an order directing plaintiff to file within 30 days an amended complaint complying with Fed.R.Civ.P. 8 and 10. The district court also advised plaintiff that her complaint inappropriately named the Secretary of HUD as a defendant, and that the complaint requested the court to grant relief with respect to unnamed parties.

On May 29, 2001, plaintiff filed her amended complaint, which was again "replete with conclusory statements, opinions and characterization of events, rather than statements of fact." Accordingly, on July 17, 2001, the district court ordered plaintiff to file within 30 days a second amended complaint that would comply with the pertinent rules or face dismissal of her action.

Plaintiff did not file an amended complaint. On September 28, 2001, the district court dismissed the action for plaintiff's failure to comply with the court's July 17, 2001 order. We find that the district court did not abuse its discretion. *Cf.*

*Simmons II v. Abruzzo,* 49 F.3d 83, 87 (2d Cir.1995).