**Michael & Cherie BURRELL,
Plaintiffs–Appellants,**

**v.**

**AT & T, Defendant–Appellee.**

**Docket No. 02–7778.**

United States Court of Appeals,
Second Circuit.

May 20, 2003.

Michael & Cherie Burrell, Jamaica, New York, Submitted for Appellants, pro se.

Adin C. Goldberg, Pitney, Hardin, Kipp & Szuch, LLP, Morristown, New Jersey, Submitted for Appellee.

PRESENT: WINTER, KATZMANN, Circuit Judges, and GOLDBERG,* Judge, U.S. Court of Int'l Trade.

**SUMMARY ORDER**

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT,**

---

* The Honorable Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.

BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 20th day of May, Two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is **AFFIRMED.**

Michael and Cherie Burrell, *pro se* and fee paid, appeal from a district court judgment dismissing their case without prejudice, pursuant to Fed.R.Civ.P. 41(b), for failure to comply with the district court's order to file a complaint on or before May 1, 2002. The Burells also filed in this Court a "motion to strike AT & T's appellate brief," and a motion to amend the lower court record.

A district court has the authority under Fed.R.Civ.P. 41(b) to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo,* 49 F.3d 83, 87 (2d Cir.1995). This Court reviews a district court's dismissal for failure to prosecute for abuse of discretion. *See Nita v. Connecticut Dep't of Environmental Protection,* 16 F.3d 482, 485 (2d Cir. 1994). Factors which are relevant in determining whether there has been an abuse are:

(1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district court judge has taken care to strike a balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*Nita,* 16 F.3d at 485 (internal quotations omitted). Consideration of these factors in the instant case establishes that the district court did not abuse its discretion in the manner in which it dismissed the Burrells' case.

First, over the course of an entire year, the Burrells were granted extensions to comply with the court order to file a complaint, but they continuously failed to comply with the order. Also, they still offer no explanation for the failure to comply. Instead, the Burrells merely assert that they should not have been required to appear in federal court.

Further, the Burrells were explicitly warned that failure to file a complaint by May 1, 2002 would result in the case's dismissal without prejudice. Accordingly, when the Burrells failed to comply with the court's direction that they file a complaint by May 1, the court properly dismissed the action without prejudice, thereby applying a lesser sanction than dismissal with prejudice. As such, the district court struck an appropriate balance between the right to due process and the need to clear the docket, and there was no abuse of discretion.

Lastly, both of the Burrells' motions are hereby denied. First, it would be improper for this Court to "strike AT & T's brief" on appeal based on an inadvertent mistake in mailing the brief to the Burrells' former address. Also, with regard to the motion to correct the lower court record, the record is not in need of correction or supplementation because the required missing

documents were properly including in AT & T's appendix on appeal.

Accordingly, the judgment of the district court is **AFFIRMED** and the Burells' motions are denied.