Adrian M. TRICE, Plaintiff–Appellant,

v.

ONONDAGA COUNTY JUSTICE CENTER, Syracuse City Jail, County Jail Dentist and Supervising Agency & New York State Department of Correctional Services, Dentist and Attica Correctional Facility medical care providers and their supervising Agency, Defendant–Appellees.

No. 02–0219.

United States Court of Appeals, Second Circuit.

March 14, 2005.

Adrian Trice, Pine City, NY, for Appellant, pro se.

Present: KEARSE, SACK, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

On April 26, 2002, Adrian Trice submitted a second amended complaint in response to an order filed March 19, 2002, by the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*) striking a previous amended complaint he had submitted. His first amended complaint had "contain[ed] rambling, incoherent statements in which apparent citations to case law and/or statutes [were] randomly inserted." In an order filed May 9, 2002, the district court concluded that Trice's second amended complaint was "incomprehensible, incomplete and technically deficient," "consist[ing] of one, rambling paragraph" and "contain[ing] over 550 lines of rambling, often incoherent allegations." It ordered Trice's action dismissed unless Trice submitted another amended complaint within thirty days of the order. Trice did not file another amended complaint, and on July 17, 2002, the district court entered judgment dismissing his action. Trice appeals from the district court's judgment.

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R.Civ.P. 8(a), and that "[e]ach averment of a pleading shall be simple, concise, and direct," Fed.R.Civ.P. 8(e)(1). We review the district court's dismissal for abuse of discretion. *See Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir.1995).

Even construing Trice's complaint liberally, we must reject Trice's arguments. Trice's amended complaint is "confused, ambiguous, vague, or otherwise unintelligible." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988). We agree with the district court's assessment and therefore conclude that the district court did not abuse its discretion in dismissing Trice's complaint.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.