Walter N. IWACHIW, Plaintiff–
Appellant,

v.

Edward GERSH, et al., Defendants–
Appellees.

No. 06–0114–cv.

United States Court of Appeals,
Second Circuit.

Jan. 9, 2007.

Walter N. Iwachiw, Sunnyside, New York, pro se.

Kenneth Novikoff, Rivkin Radler LLP, Uniondale, NY, Attorney for Edward Gersh, Kevin Gersh, K.G. Corporation, West Hills Day Camp, Inc., and West Hills Management, Inc., Patrick J. Walsh, Assistant Solicitor General, Eliot Spitzer, Attorney General, New York, New York, Attorneys for New York State, New York State Department of Environmental Conversation, and New York State Department of Transportation, Gerald Podlesak, Office of the Nassau County Attorney, Mineola, New York, Attorney for Nassau County, County Executive Thomas S. Gullota, Carl Schroeter and Nassau County Bureau of Real Estate, Arlene Zwilling, Office of the Suffolk County Attorney, Happauge, New York, Attorney for Suffolk County, Suffolk County Police, Suffolk County Industrial Development Agency, Inc., Craig M. Shields, Glen Cove, New York, Attorney for Camelot Village and Carl G. Paffendorf, Joseph E. Macy, Berkman, Henoch, Peterson & Peddy, P.C., Garden City, New York, Attorney for Posiloco Scalamandre, Maurice Levenbron, Levenbron & Stern, Huntington, New York, Attorney for South Huntington USFD, James F. Matthews, Huntington Town Attorney, Huntington, New York, Attorney for Town of Huntington, Town Board of Huntington, Supervisor Frank Petrone, and Zoning Board of Appeals of the Town of Huntington, George Argiriou, Keyspan Legal Department, Hicksville, New York, Attorney for Keyspan Energy Corp., Yi Tuan & Brunstein, New York, New York, Attorney for Charles B. Wang, Charles B. Wang, Inc. and Plainview Properties, LLC, New York, New York, for Defendants–Appellees.

PRESENT: Hon. JON O. NEWMAN, Hon. PETER W. HALL, Circuit Judges, Hon. DORA L. IRIZARRY[1] District Judge.

### SUMMARY ORDER

Plaintiff–Appellant Walter Iwachiw, pro se, appeals from a judgment of the United States District Court for the Eastern District of New York (Townes, *J.*) dismissing his third amended complaint. We assume the parties' familiarity with the underlying facts and procedural history.

Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach averment of a pleading shall be simple, concise, and direct." A plaintiff must disclose sufficient information to permit the defendant "to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *See Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir.1991). This Court reviews a district court's dismissal of a complaint for failure to comply with Rule 8 for abuse of discretion. *See Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir.1995). Dismissal under Rule 8(a) "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *See Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir.2000) (internal citation omitted).

An independent review of Iwachiw's four complaints reveals that in none of them did he offer concise legal or factual arguments

---

1. The Honorable Dora L. Irizarry, United States District Court for the Eastern District of New York, sitting by designation.

or bases for a suit against the multiple defendants he named. The district court was correct to dismiss the third amended complaint for failure to comply with Rule 8, as well as for failure to abide by the court's prior orders directing Iwachiw as to specific changes he should make to his complaint to bring it within Rule 8's parameters.

Accordingly, and for the foregoing reasons, the judgment of the district court is hereby AFFIRMED.