

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-1-2009

# Dana Moss v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4739

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Dana Moss v. USA" (2009). *2009 Decisions.* Paper 1413.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1413

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-154                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4739
_____

DANA LYNN MOSS,
                                            Appellant

v.

UNITED STATES OF AMERICA; STATE OF NEW JERSEY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 08-cv-4178)
District Judge:  Honorable Joel A. Pisano
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
April 9, 2009

Before: RENDELL, HARDIMAN and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 1, 2009)
_____

OPINION
_____

PER CURIAM

    Dana Moss, proceeding <u>pro</u> <u>se</u>, appeals the decision of the District Court

dismissing her complaint with prejudice for failure to comply with Rule 8(a) of the

Federal Rules of Civil Procedure.  Because the appeal does not present a substantial

question, we will summarily affirm. See 3d Cir. LAR 27.4; 3d Cir. IOP 10.6.

I

In August 2008, Moss filed in the District Court a six-page handwritten complaint. The District Court determined, sua sponte, that the complaint fails to meet the "short and plain statement" requirement of Fed. R. Civ. P. 8(a) because it is "largely illegible, incomprehensible, and confusing." On September 30, 2008, the Court dismissed the complaint without prejudice to Moss's filing an amended complaint within thirty days. See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).

In October 2008, Moss filed a "Motion for Emergent Relief, and Injunctive Relief." The three-page handwritten motion, though more legible than Moss's complaint, does not actually assert a cognizable claim for relief. As Moss filed no other submissions during the thirty-day period, the District Court construed her motion as an amended complaint and dismissed it with prejudice for failing to comply with Rule 8(a)'s "short and plain statement" requirement. Moss filed a timely notice of appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion. See In re: Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996).

II

When a district court is presented with a confusing and/or illegible complaint, the court may not dismiss the complaint pursuant to Rule 8(a) without first giving the litigant an opportunity to amend the defective pleading. See Simmons, 49 F.3d at 86-87.

Cognizant of this duty, the District Court appropriately afforded Moss an opportunity to conform her complaint to the requirements of Rule 8(a). She failed to do so and offers no reason to question the District Court's resolution of the matter.

On appeal, Moss has filed two responses to the Court's letter informing her that her appeal was submitted for possible summary action. In her more than 800 pages of filings, however, Moss has provided no basis for concluding that the District Court erred in any way. At most, her responses can be understood as a challenge to what appears to be a decision of the United States District Court for the District of New Hampshire in an unrelated case. Accordingly, we will affirm the judgment of the District Court.