**HLD-068  (December 2010)**                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3383
_____

ADMIRAL ALA' AD-DIN, ALA' AD-AMIN ISRAEL EMMANUEL YOSEF
YUZ ASAF IBN  ARLENE 'AL-AHEZAAH BEY, ED.D I (Agnomen
Extrinsecum Ab Event De Jihad Al Akbar/Natrural Material Form);
ALIM ZEDEKIEL LUNARIEL  ABADDON  YUZ ASAF
ARLENE' AL-AHEZAAH BEY, ED.D (Homoosian Revelation
Cognomen Majorum Est Ex Sanguine Tractum, HOC Intrinsecum Est)

v.

UNITED STATES DEPARTMENT OF STATE, National Passport Center;
UNITED STATES LIBRARY OF CONGRESS; STATE OF NEW JERSEY,
(Department of the Public Advocate: Ronald Price, Investigator); UNIVERSITY OF
MEDICINE & DENTISTRY OF NEW JERSEY, (The University Hospital); NEWARK
MUNICIPALITY; HALLMARK PROPERTIES LTD.

DR. ADMIRAL ALA' AD-DIN A.I.E.Y.Y.A.I.A. BEY,
                                                                          Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 10-cv-00769)
District Judge:  Honorable Stanley R. Chesler
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 29, 2010
Before:  McKEE, Chief Judge, ALDISERT and WEIS, Circuit Judges

(Opinion filed: January 27, 2011)

————————

OPINION

————————

PER CURIAM.

Dr. Admiral Ala'ad-din A.I.E.Y.Y.A.I. Bey appeals from an order of the District Court dismissing his complaint for failure to comply with Federal Rule of Civil Procedure 8. For the following reasons, we will summarily affirm.

I.

Appellant filed his complaint against the United States Department of State, the State of New Jersey, the University of Medicine and Dentistry of New Jersey, the United States Library of Congress, Newark Municipality, and Hallmark Properties, Ltd., based on "[d]efendant(s) fail[ure] to acknowledge the 4th & 5th Amendments Rights, Organic Nationality Proclamation, Organic Name Change, and or Common Law Copyrights of Plaintiff."[1] (Compl. 2.) The additional paragraphs of the complaint do not shed any light on the nature of his claims. Additionally, appellant attached several documents to his complaint, including a 94-page constitution entitled "Abyssinian Pangaean Afrimerican Nation's Catechetical Constitution & Sunna" that he authored.

The District Court ordered appellant to show cause as to why his complaint should not be dismissed for lack of subject matter jurisdiction and/or failure to comply

---

[1] Although the docket identifies multiple plaintiffs, it appears that appellant is the only plaintiff and that he was simply using various names to refer to himself in the complaint.

2

with Federal Rule of Civil Procedure 8. Appellant responded with an "affidavit of jurisdiction" that neither established a logical basis for any of his claims nor elucidated how the District Court possessed jurisdiction over them. Accordingly, the District Court dismissed the complaint with prejudice for failure to comply with Rule 8. Appellant timely appealed that order.[2]

## II.

Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may sua sponte dismiss a complaint for failure to comply with Rule 8, but dismissal "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). However, a district court should generally give leave to amend, especially when the plaintiff is proceeding pro se and the claims do not appear frivolous. Id. at 87. This Court reviews a

---

[2] The District Court did not enter an order separate from its opinion in accordance with Federal Rule of Civil Procedure 58. See In re Cendant Corp. Sec. Litig., 454 F.3d 235, 244 (3d Cir. 2006). Accordingly, appellant had 210 days – 150 for the judgment to be considered "entered" under Federal Rule of Appellate Procedure 4(a)(1)(B) plus the usual 60 afforded by that rule – from the date that the District Court entered its opinion on the docket to appeal. See LeBoon v. Lancaster Jewish Cmty. Ass'n, 503 F.3d 217, 223 (3d Cir. 2007); see also Fed. R. Civ. P. 58(c)(2); Fed. R. App. P. 4(a)(1)(B) & (a)(7)(ii). Since his notice of appeal was filed in that time frame, his appeal is timely and we have jurisdiction over it. See 28 U.S.C. § 1291.

district court's dismissal of claims under Rule 8 for abuse of discretion. In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996).

The District Court did not abuse its discretion in dismissing the complaint for failure to comply with Rule 8. None of appellant's submissions provide an ascertainable factual or legal basis for his claims. The District Court notified appellant of its intent to dismiss his complaint and provided him with an opportunity to respond. After considering appellant's complaint and his response to the order to show cause, the District Court concluded that providing appellant with further opportunity to remedy his defective complaint would be futile. Given the incomprehensible nature of appellant's filings, that is an understandable conclusion within the District Court's discretion.[3] Since no substantial question is presented by appellant's appeal, we will summarily affirm. See 3d Cir. LAR 27.4; 3d Cir. IOP 10.6.

---

[3] That conclusion is bolstered by appellant's filing in support of his appeal, which appears to be an amended complaint. Appellant now describes his cause of action as "continuous Trespasses of Discrimination as per 1. Conspiracy against Plaintiff's rights as a Dual National 22 U.S.C. § 141-143, § 145-174 & § 211a-212 which demonstrates Plaintiffs Most appropriate Moroccan Jurisdiction Birth Rights to U.S. of A. Passport; and 2. Deprivation of rights under color of law . . . as per the Plaintiff, a Natural Being, being an Ambassador-at-Large . . . denied recognition of his *In Propria Persona* nomen, as per a forensic review of the most Lawful Courts Records . . . ." He seeks "A Court Order mandating the [State Department] to issue [him] a passport demonstrating [his] Dual Sovereign National Status as a Free Abyssinian Pangaean Afrimerican Moor for the purpose of correcting all Lawful records of Plaintiff in Isonomic Harmony . . . ."