DLD-291                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3073
_____

PATRICK D. TILLIO, SR.,
Appellant

v.

H&R BLOCK, INC.; IRS OFFICE; 1040 TAXES, H&R Block;
JAMS WALST; FRAK KANE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 11-4452)
District Judge:  Honorable Cynthia M. Rufe
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 15, 2011

Before:  FISHER, BARRY and VAN ANTWERPEN, Circuit Judges

(Filed: September 22, 2011 )
_____

OPINION
_____

PER CURIAM

    Pro se appellant Patrick Tillio appeals the District Court's order dismissing his

complaint without prejudice for failure to comply with Rule 8(a) of the Federal Rules of

Civil Procedure.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review the

District Court's order for abuse of discretion.  See Frederico v. Home Depot, 507 F.3d 188, 192-93 (3d Cir. 2007); In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996).  For the reasons set forth below, we will summarily affirm the District Court's judgment.

In July 2011, Tillio filed a complaint on the form provided by the United States District Court for the Eastern District of Pennsylvania.  The complaint, however, is largely incomprehensible.  For instance, in the space provided for the plaintiff to explain "what happened to you," Tillio wrote only, "on TV NBC CH10 HR Block FRAUD people and did my 1040 IRS taxes this."

On July 15, 2011, the District Court, sua sponte, dismissed Tillio's complaint without prejudice and closed the case statistically, concluding that the complaint was "rambling and unclear" and therefore failed to meet the pleading standards set forth in Rule 8(a).  Tillio then filed a timely notice of appeal.

We conclude that the District Court did not abuse its discretion in dismissing Tillio's complaint.  Rule 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A district court may sua sponte dismiss a complaint for failure to comply with Rule 8; dismissal is appropriate in cases where the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995).  We agree with the District Court that this is such a case – Tillio's complaint fails to reveal any factual or legal basis for a federal claim.  Although district

courts generally must allow plaintiffs leave to amend deficient complaints prior to dismissal, id. at 87, we are satisfied that the District Court did not abuse its discretion by dismissing Tillio's complaint without providing leave to amend. Cf. Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002) (explaining that district courts may dismiss complaints without leave to amend where amendment would be futile).

Accordingly, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.