**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4189
_____

L. RUTHER,
Appellant

v.

STATE KENTUCKY OFFICERS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-13-cv-01641)
District Judge:  Honorable Christopher C. Conner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 26, 2014

Before:  AMBRO, SHWARTZ and NYGAARD, Circuit Judges

(Opinion filed: February 27, 2014 )
_____

OPINION
_____

PER CURIAM

Pro se appellant L. Ruther appeals the District Court's order dismissing his

complaint for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review the District Court's

order for abuse of discretion.  See In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996).  For the reasons set forth below, we will affirm the District Court's judgment.

In June 2013, Ruther filed a one-page complaint, naming "State Kentucky Officers" as the defendants.  The complaint, however, is largely incomprehensible.  Paragraph 1 of the complaint is illustrative; it states, "Obstruct justice no do crime arrest, grand, crime, civil jury, damage we people $10,000,000."

A Magistrate Judge issued a report and recommendation stating that the complaint — which the Magistrate Judge characterized as "wholly unclear, unintelligible, and illegible" — should be dismissed without prejudice to Ruther's right to amend.  The District Court approved and adopted the report and recommendation, dismissed the complaint without prejudice, and provided Ruther 20 days to file an amended complaint.

Ruther then filed what he called a motion to stay; however, that document neither provided a basis to stay the action nor addressed the pleading deficiencies identified by the Magistrate Judge.  After nearly three months, at which point Ruther had still not filed an amended complaint, the District Court denied the motion to stay and closed the case.  Ruther then filed a timely notice of appeal to this Court.

We conclude that the District Court did not abuse its discretion in dismissing Ruther's complaint.  Rule 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A district court may sua sponte dismiss a complaint for failure to comply with Rule 8; dismissal is appropriate in cases where the "complaint is so confused, ambiguous, vague, or otherwise unintelligible

that its true substance, if any, is well disguised." <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2d Cir. 1995).  We agree with the District Court that this is such a case — Ruther's complaint fails to reveal any factual or legal basis for a claim.  Further, the District Court properly provided Ruther with the opportunity to amend, <u>see</u> <u>id.</u> at 87, but Ruther did not take advantage of that opportunity.  Therefore, the District Court acted within its discretion in dismissing the complaint.[1]

Accordingly, we will affirm the District Court's judgment.

---

[1] It is unclear whether Ruther seeks to challenge the District Court's denial of his stay motion.  To the extent that he does, the claim lacks merit.  As noted above, Ruther simply did not provide any justification for the District Court to stay the action.  Indeed, the stay motion, like the complaint, was incomprehensible.  Accordingly, the District Court did not err in denying that motion.