DLD-349                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1507
_____

CHARLES MUHAMMAD,
Appellant

v.

UNITED STATES BOARD OF GOVERNORS POSTAL SYSTEM
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2:14-cv-00200)
District Judge:  Honorable Faith S. Hochberg
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 28, 2014

Before: SMITH, HARDIMAN and KRAUSE, Circuit Judges

(Opinion filed:  September 11, 2014)
_____

OPINION
_____

PER CURIAM

On January 6, 2014, Charles Muhammad, of Newark, New Jersey, filed a pro se

complaint in the United States District Court for the District of New Jersey, naming the

United States Board of Governors Postal System as defendant.  The District Court

granted Muhammad leave to proceed in forma pauperis but immediately dismissed his complaint without leave to amend, citing its failure to state a federal claim as well as its failure to conform to the requirements of Federal Rule of Civil Procedure 8(a). Muhammad timely filed this appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. To the extent the District Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), or under Fed. R. Civ. P. 12(b)(6), we exercise plenary review over the District Court's order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To the extent the District Court dismissed the complaint under Fed. R. Civ. P. 8(a), we review the District Court's order for abuse of discretion. See In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996).

Upon review, we conclude that the District Court did not err in dismissing the complaint. Rule 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may sua sponte dismiss a complaint for failure to comply with Rule 8; dismissal is appropriate in cases where the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). We agree with the District Court that this is such a case. Muhammad's complaint fails to reveal any factual or legal basis for a federal claim; thus, dismissal was appropriate. However, to the extent the complaint attempts to raise claims regarding events which occurred in New York, we construe the District Court's dismissal to be

2

without prejudice to Muhammad's filing a properly pled complaint in the appropriate court.[1]

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court. 3d Cir. L.A.R. 27.4: I.O.P. 10.6. The District Court's order did not specify whether its dismissal was with or without prejudice. Although we will affirm, we modify the dismissal of Muhammad's complaint to be without prejudice to his filing a properly pled complaint in the appropriate court.

---

[1] Muhammad's arguments on appeal, as well as documents that he filed in the District Court after he filed his appeal, suggest that he is attempting to sue the defendant, at least in part, for events that took place at a Manhattanvile, New York post office branch. To that extent, it does not appear that the District of New Jersey was the proper venue for those claims. Rather, venue may lie in the United States District Court for the Southern District of New York.