ELD-009                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3641
_____

JASON L. AMIN-BEY, (Nomen in error) no being,
by faith-based nomen correction,
holy pharaoh Malik H.R.L.S.A. et bey., Edid

v.

UNITED STATES OF AMERICA

Jason L. Amin-Bey,
                                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-14-cv-04173)
District Judge:  Honorable Mitchell S. Goldberg
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 20, 2014
Before:  FISHER, KRAUSE and SLOVITER, Circuit Judges

(Filed: November 21, 2014)
_____

OPINION[*]
_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Appellant Jason Amin-Bey,[1] an inmate at the Federal Medical Center, Devens, in Ayers, Massachusetts, initiated an action in the District Court for the Eastern District of Pennsylvania. The District Court granted his motion to proceed in forma pauperis and dismissed with prejudice his complaint as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i)-(ii) and for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. For the reasons that follow, we will summarily affirm.

I.

We have appellate jurisdiction under 28 U.S.C. § 1291. We may summarily affirm if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6. Our review of the District Court's dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim is plenary. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). However, "[w]e review the district court's decision to dismiss claims under Rule 8 for an abuse of discretion." In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996) (citation omitted). Applying either standard, the District Court's dismissal of the complaint was proper.

---

[1] As best can be decoded from the complaint, Appellant considers himself named in error and prefers to be addressed by his faith-based identifier: Holy Pharoah Malik Ha'Elohim Rusul'Alu Dr. Admiral Ala'ad-Din Lunariel Solariel Al'Ahezaah El-Bey. With editorial practicalities in mind, we will simply refer to him throughout this opinion as "Appellant."

2

## II.

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). A district court may dismiss sua sponte a complaint for failure to comply with Rule 8, but such an action "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). Such is the case here.

Appellant's complaint is difficult to decipher. Although the complaint contains reference to multiple cases that span several federal jurisdictions, it is void of factual allegations from which a claim for relief may reasonably be inferred. While it is evident that Appellant seeks redress of perceived wrongs that are likely related to the other legal actions to which he was a party, we simply cannot deduce the specific nature of his claims based on the information provided.

District courts generally must allow a plaintiff leave to amend a deficient complaint prior to dismissal unless doing so would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Appellant, however, has a history of presenting unintelligible submissions to the federal court and he has been informed previously of the requisite pleading standards. See, e.g., C.A. Nos. 11-3181, 10-3383. Appellant's three notices of appeal are all similarly incoherent, leaving us confident that Appellant would likely not reverse his well-established pattern of nonsensical writing if

3

he were granted leave to file an amended complaint. We are thus satisfied that the District Court did not abuse its discretion in its determination that amendment would be futile. See Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000).

## IV.

Because the appeal does not present a substantial question, we will summarily affirm the District Court's judgment. See Third Cir. L.A.R. 27.4; I.O.P. 10.6.