15-3510-cv
*Jemmott v. New York City Transit Auth.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand sixteen.

PRESENT:   JOHN M. WALKER, JR.,
           DENNY CHIN,
           RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DENNIS JEMMOTT,
                    *Plaintiff-Appellant*,

            v.                                    15-3510-cv

NEW YORK CITY TRANSIT AUTHORITY,
                    *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        JOEL M. GLUCK, New York, New York.

FOR DEFENDANT-APPELLEE:         KRISTEN M. NOLAN (James B. Henly,
                                General Counsel, *on the brief*), Office of the
                                General Counsel, New York City Transit
                                Authority, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Dennis Jemmott appeals the judgment of the district court entered October 1, 2015, dismissing his complaint in favor of defendant-appellee New York City Transit Authority ("Transit"). By decision and order dated September 30, 2015, the district court granted Transit's motion to dismiss Jemmott's complaint alleging claims of discrimination on the basis of age, race, and disability. The district court concluded that Jemmott failed to submit a complaint that complied with Rule 8 of the Federal Rules of Civil Procedure, despite being given multiple opportunities to do so and after obtaining counsel. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Rule 8 requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Its purpose is to provide adequate notice of the claims so that the adverse party can answer the complaint and prepare for trial. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

We review a district court's dismissal for failure to comply with Rule 8(a) for abuse of discretion. *Boykin v. Keycorp*, 521 F.3d 202, 212 (2d Cir. 2008). "[A] district court abuses its discretion when its decision rests on an error of law (such as application

of the wrong legal principle) or a clearly erroneous factual finding, or . . . its decision -- though not necessarily the product of a legal error or a clearly erroneous factual finding -- cannot be located within the range of permissible decisions." *Wynder v. McMahon*, 360 F.3d 73, 76 (2d Cir. 2004) (internal quotation marks omitted). Dismissal for failure to comply with Rule 8 is "usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quoting *Salahuddin*, 861 F.2d at 42).

On April 15, 2013, Jemmott filed his initial complaint, *pro se*, using the Eastern District of New York's *pro se* complaint form template. He checked off various boxes indicating alleged discriminatory conduct on the part of his employer, Transit, in violation of Title VII, the Age Discrimination in Employment Act, and the Americans with Disabilities Act. He checked additional boxes alleging termination of employment, failure to promote, failure to accommodate his disability, unequal terms and conditions of employment, retaliation, and "other acts" on the basis of his race, color, national origin, and disability. In paragraph 8, which asked for the "facts of [his] case," Jemmott merely wrote "see attachment" and appended 69 pages of documents, consisting of various correspondence between Jemmott and the Equal Employment Opportunity Commission (the "EEOC"), documentation of his termination and loss of hearing, what appear to be handwritten, internal complaints to supervisors, and the EEOC's written

determination concluding that there was no probable cause to believe that Transit engaged in the discriminatory practices alleged. Jemmott did not set forth a recitation or summary of the facts within the complaint itself.

Transit sought permission to move to dismiss the complaint on the ground that the allegations were vague, confusing, and unconnected, dating as far back as 1983. After holding a conference with the parties on June 14, 2013 and advising Jemmott of the complaint's deficiencies, the district court gave Jemmott an opportunity to file an amended complaint. On July 15, 2013, Jemmott submitted his amended complaint, also *pro se*, which largely duplicated his first complaint and did not cure any of the deficiencies. With respect to paragraph 8 of the form, Jemmott stated only that he "was harassed[,] bullied[,] and forced to retire on [November 18, 2011]," and otherwise sought to rely on attached documents. App. at 102. Transit's second motion to dismiss was fully briefed by January 2, 2014.

Meanwhile, in an entirely separate action filed on May 1, 2013 (only approximately two weeks after this case was filed) and assigned to Judge Margo K. Brodie, Jemmott, represented by his attorney, Joel M. Gluck, filed a complaint against Transit alleging acts of employment discrimination. On May 21, 2014, Judge Brodie dismissed the complaint as duplicative of the complaint filed in the action below and as untimely because it was not filed within 90 days of the EEOC right-to-sue letter.

Jemmott's appeal to the Second Circuit from Judge Brodie's decision was dismissed for failure to pay the filing fee.

On May 27, 2015, nearly a year and a half after briefing was completed on Transit's second motion to dismiss and two years after he filed the complaint before Judge Brodie, Gluck appeared on behalf of Jemmott in the action below. In a letter, Gluck requested that the court accept as a second amended complaint the complaint filed before Judge Brodie and dismissed. After holding a hearing, the court granted Gluck's separate request to supplement Jemmott's opposition papers and ordered a supplemental briefing schedule, but did not specifically grant leave to file another amended complaint.

On July 3, 2015, Jemmott filed his supplemental counseled brief opposing dismissal and attached three exhibits: the original complaint, the amended complaint, and the complaint filed in the Brodie action. Jemmott argued that the attachments together were sufficient to state his claims.

The district court held that "[d]espite numerous attempts to amend his complaint and provide supplemental briefing to this Court, both with and without the representation of counsel, Plaintiff continues to rely on his deficient pleadings to oppose Defendant's motion to dismiss, and attempts to resurrect a previously dismissed complaint from another action while ignoring the Federal Rules of Civil Procedure."

App. at 308.  The district court granted Transit's motion to dismiss.  This was not an abuse of discretion.

First, the district court did not abuse its discretion in concluding that the only complaints permissibly filed were unintelligible and failed to provide Transit and the Court with a short and plain statement of his claims.  The complaints did not set forth a statement or summary of the facts and almost exclusively relied on attached documents, many of which were unidentified and alluded to numerous non-chronological and unconnected events spanning a number of years and interspersed with seemingly irrelevant information.  Jemmott was afforded an opportunity to amend his complaint and failed to make any material changes.  *See Salahuddin*, 861 F.2d at 42 ("We do not mean to imply that the court has no power to dismiss a prolix complaint without leave to amend in extraordinary circumstances, such as where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible.").  While the district court is obligated to construe *pro se* complaints liberally, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), in fact, Jemmott had retained an attorney who appeared on his behalf in the related case more than two years earlier.

Second, Jemmott's counsel, with full knowledge that his client was proceeding *pro se* in this action, failed to appear in this case for two years and then submitted a previously dismissed complaint as an exhibit to a supplementary brief in opposition to Transit's motion to dismiss.  The district court did not abuse its discretion

in finding insufficient in this case a pleading that had been dismissed in the companion case nearly a year and a half earlier.

We have considered all of Jemmott's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk