**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1485
_____

LARRY GARDENHIRE,
                                        Appellant

v.

PAUL J. FISHMAN; SUSAN HANDLER-MENAHEM; JOHN JAY HOFFMEN;
ANDREW C. CAREY; RAYMOND HAYDUCKA, individual and official capacities;
RICK A. VARGA, individual and official capacities; JEFFREY M. MARLEY,
individual and official capacities; FRANK LOMBARDO, individual and official
capacities; JANE DOE, Police Officer SBP; STEVE SHORT, Papa Johns;
WINDSOR SOUTH RIDGE LLC

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:17-cv-01196)
District Judge:  Honorable Freda L. Wolfson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 15, 2018

Before: MCKEE, COWEN and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 29, 2019)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Larry Gardenhire appeals pro se from the District Court's order dismissing his civil rights complaint. For the reasons that follow, we will vacate that order and remand for further proceedings.

I.

In February 2017, Gardenhire filed a pro se form complaint in the District Court against eight defendants — four police officers, three prosecutors, and the former Acting Attorney General of New Jersey.[1] The complaint itself did not set forth any allegations, and the allegations in the complaint's handwritten attachments were not models of clarity. Those allegations appeared to accuse the defendants of harassment, stalking, and racial discrimination, among other things, but were "silent as to the type of claims that [Gardenhire] [was] asserting." (Dist. Ct. Op. entered Feb. 15, 2018, at 8.)

Four of the eight defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b). In February 2018, the District Court granted those motions, dismissed the complaint in its entirety, and closed the case. In doing so, the District Court principally relied on an issue that it raised sua sponte. That is, the District Court concluded that every defendant should be dismissed because the complaint failed to comply with Federal Rule of Civil Procedure 8(a)(2)'s "short and plain statement"

---

[1] In a March 2017 filing, Gardenhire listed three additional defendants. Although the District Court subsequently struck that filing from the record, those three defendants are still listed in the District Court's case caption. For consistency's sake, the case caption on appeal lists them, too; however, they have no bearing on the outcome of this appeal.

requirement. In the alternative, the District Court appeared to conclude that the allegations against the moving defendants, as well as those against two of the non-moving defendants, were subject to dismissal because they failed to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). This timely appeal followed.[2]

## II.

Although a district court may sua sponte dismiss a complaint under Rule 8(a)(2), it generally must give the plaintiff an opportunity to file an amended complaint. See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995). Furthermore, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008). Here, the District Court's dismissal order did not grant Gardenhire leave to amend; nor did the District Court conclude that amendment would be inequitable or futile.

Under the circumstances of this case, and at this juncture, we cannot conclude that granting Gardenhire leave to amend would be inequitable or futile. Although we agree with the District Court that Gardenhire's complaint was deficient, we are constrained to vacate its dismissal order and remand so that he may have the opportunity to file an

---

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court's dismissal under Rule 8(a)(2) for abuse of discretion, see In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996), and we exercise plenary review over its alternative dismissal under Rule 12(b)(6), see Geness v. Cox, 902 F.3d 344, 353 (3d Cir. 2018).

amended complaint that clearly sets forth his alleged facts and identifies the precise legal claims that rely on those facts.[3] We take no position on Gardenhire's likelihood of prevailing on that amended pleading. To the extent that he seeks any other relief from us in this appeal, that relief is denied.

---

[3] Nine days after Gardenhire filed his complaint, he submitted a document that appeared to raise additional allegations against the defendants. In April 2017, the District Court struck that document but gave Gardenhire an opportunity to file an amended complaint. He did not do so. That sequence of events, which took place before the first defendants moved to dismiss the complaint (and before Gardenhire's ability to amend his complaint as of right expired, see Fed. R. Civ. P. 15(a)(1)), does not affect the outcome here.