09-2858-cv
Erchonia Corp. v. Bissoon

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February, two thousand eleven,

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             PETER W. HALL,
                      *Circuit Judges*.

_____

ERCHONIA CORPORATION f/k/a THERAPY
PRODUCTS, INC.,

                              *Plaintiff-Appellant*,


            -v-                                        09-2858-cv

M.D. LIONEL BISSOON d/b/a MESOTHERAPIE &
ESTETIK, MERIDIAN AMERICA MEDICALS, INC.,
MERIDIAN MEDICAL INC., MERIDIAN CO., LTD.,

                              *Defendant-Appellees*.


_____


Appearing for Appellant:     Michael A. Cornman, Ladas & Parry LLP, New York, NY,
                             James D. Petruzzi, Mason & Petruzzi, Houston, TX.

Appearing for Appellee:      Anthony L. Fletcher, Kristen McCallion, Fish & Richardson P.C.,
                             New York, NY.


Appeal from the United States District Court for the Southern District of New York (Cote, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED** in part and **REMANDED** in part to the District Court for clarification.

Appellant appeals from an order of the district court (Cote, *J.*) granting summary judgment in favor of Appellees (collectively, "Meridian") on Appellant Erchonia Corporation's trademark infringement and false advertising claims. Erchonia alleged that Meridian infringed its rights in the unregistered trademark, "lipolaser," and engaged in false advertising by misrepresenting (a) how its lipolaser worked, (b) how effective its laser is, (c) whether its laser has been approved by the Food and Drug Administration ("FDA"), (d) and who has endorsed Meridian's laser. We assume the parties' familiarity with the remaining facts, procedural history and issues presented for review.

## I.      Standard of Review

We review an order granting summary judgment de novo, and affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. *Redd v. Wright*, 597 F.3d 532, 535-36 (2d Cir. 2010).

## II.      Legal Standard

### A.      Trademark Infringement

We analyze trademark infringement claims under the familiar two-prong test described in *Gruner + Jahr USA Publ'g v. Meredith Corp.*, 991 F.2d 1072 (2d Cir. 1993). First, we look to see whether plaintiff's mark merits protection, and second, whether defendant's use of a similar mark is likely to cause consumer confusion. *Id.* at 1075. The central consideration in assessing a mark's protectability, its degree of distinctiveness, is also a factor in determining likelihood of confusion. *Playtex Prods. v. Georgia-Pacific Corp.*, 390 F.3d 158, 161 (2d Cir. 2004).

In this case, the district court concluded that "lipolaser" was a descriptive mark, since "[n]o leap of imagination is necessary to discern the general purpose of the product identified by the term 'lipolaser.'" *Therapy Prods. v. Bissoon*, 623 F. Supp. 485, 494 (S.D.N.Y. 2009). We agree. The device is a laser used principally to liquefy fat before liposuction. **[Blue 2]** The name "lipolaser" is, therefore, plainly descriptive.

A mark that is merely descriptive of a product is not inherently distinctive and therefore merits protection only once it has acquired "secondary meaning." *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 194 (1985); *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 769 (1992). A mark obtains secondary meaning in one of two ways: "it may be proved as a matter of fact that the mark connotes a single source of origin to the public consumer or secondary meaning may be established through registration of a trademark." *Gruner + Jahr*, 991 F.2d at 1976.

Secondary meaning is a question of fact, with the burden of proof on the party claiming exclusive rights in the mark. *Bristol-Myers Squibb. Co. v. McNeil-P.P.C., Inc.*, 973 F.2d 1033,

1041 (2d Cir. 1992). Six factors are relevant to determining whether a mark has acquired secondary meaning: "(1) advertising expenditures, (2) consumer studies linking the mark to a source, (3) unsolicited media coverage of the product, (4) sales success, (5) attempts to plagiarize the mark, and (6) length and exclusivity of the mark's use." *Centaur Commc'ns v. A/S/M Commc'ns*, 830 F.2d 1217, 1222 (2d Cir. 1987), *overruled on other grounds by Paddington Corp. v. Attiki Importers & Distribs., Inc.*, 996 F.2d 577, 585 (2d Cir.1993). No single factor is dispositive, and secondary meaning is established *only* in cases where an ordinary buyer associates the mark in question with a single source, though that source may be anonymous. *Centaur*, 830 F.2d at 1221.

Here, Erchonia has failed to come forward with any evidence that factors 2 or 3 favor its position. Additionally, Erchonia has failed to produce evidence linking either advertising expenditures or sales revenues to its use of the mark "lipolaser," even though the company has produced a considerable amount of documentation relating generally to sales and advertising of the device. These non-itemized sales and advertising figures are insufficient to raise a triable issue of fact because Erchonia's laser has been known by different names at different times, so none of these data convey any information about consumers' relationship with the "lipolaser" mark. Thus, factors 1 through 4 favor Meridian.

With respect to the two remaining factors, even if Erchonia were able to raise a question of material fact with respect to factor 5 (plagiarism), plagiarism, standing alone, is not dispositive, *see Bristol-Myers Squibb*, 973 F.2d at 1042, and factor 6 (length and exclusivity of use) does not favor Erchonia. As the district court observed, "the physical evidence shows only sporadic and infrequent use of the term ['lipolaser']." *Therapy Prods.*, 623 F. Supp. 2d at 494. Additionally, while Erchonia maintains that it began using the "lipolaser" mark as early as 2001, Erchonia's use of the mark was not exclusive between July 2005, when Meridian adopted the mark, and October 2007, when this lawsuit was commenced.

Accordingly, we agree with the district court that Erchonia has failed to raise a triable issue of fact with respect to Erchonia's trademark infringement claim, and therefore, the district court committed no error in granting judgment to Meridian on this claim.

### B.    False Advertising

Section 43(a) of the Lanham Act  prohibits any person from, "in commercial advertising or promotion, misrepresent[ing] the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1)(B). A claim of false advertising may be based on at least one of two theories: "that the challenged advertisement is literally false, i.e., false on its face," or "that the advertisement, while not literally false, is nevertheless likely to mislead or confuse consumers." *Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 153 (2d Cir. 2007).

Although Appellant's complaint pleaded generally that Appellees had "wrongfully used data and research developed by and for Plaintiff as if it were their own and have used these materials to falsely advertise their products" **[SPA 21 (quoting Paragraph 18 of the Complaint)]**, the district court limited Erchonia's false advertising claim only to Meridian's use of certain scientific photos produced in connection with trials of Echonia's laser. In support of its decision,

3

the district court opined in a single footnote that Meridian had insufficient notice of the alternate bases of liability since Erchonia did not provide notice of these bases until one week before discovery closed. However, the district court also noted that certain documents common to discovery, including responses to interrogatories, were served approximately five weeks after the purported end date of discovery. Because it is unclear, inter alia, when discovery actually ended, the record before us provides an insufficient basis on which to determine whether the district court properly dismissed the relevant portions of Erchonia's false advertising claim, and we remand to the district court for clarification on this point.

With respect to the portion of the district court's order dismissing the false advertising claim as relating to the scientific photos, we find no error in the district court's decision. Erchonia failed to come forward with any evidence relating to the process by which Meridian's laser product operates; therefore, there is no basis on which a fact finder could conclude that the advertisements incorporating the scientific photos were literally false or likely to mislead or confuse consumers.

Accordingly, we **AFFIRM** in part the order of the district court insofar as it granted judgment to Appellees on both the trademark infringement claim and that portion of the false advertising claim relating to the use of certain scientific photos. We **REMAND** in part to the district court, pursuant to the procedure outlined in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir.1994), for clarification on the basis of the district court's decision to dismiss the false advertising claim regarding (a) how the Meridian lipolaser works, (b) how effective Meridian's laser is, (c) whether Meridian's laser has been approved by the FDA, and (d) who has endorsed Meridian's laser. *See Therapy Prods.,* 623 F. Supp. 2d at 496 n. 11. The parties are to inform the Clerk of the Court by letter within fourteen days of the district court's decision on remand if either side wishes to continue this appeal. After jurisdiction is restored, this panel will resume consideration of the case.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk