09-2858-cv
Erchonia Corp. v. Bissoon

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of February, two thousand twelve,

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             PETER W. HALL,
                      *Circuit Judges.*

_____

ERCHONIA CORPORATION f/k/a THERAPY
PRODUCTS, INC.,

                          *Plaintiff-Appellant,*

         -v-                                                    09-2858-cv

LIONEL BISSOON, M.D. d/b/a MESOTHERAPIE &
ESTETIK, MERIDIAN AMERICA MEDICALS, INC.,
MERIDIAN MEDICAL INC., MERIDIAN CO., LTD.,

                          *Defendants-Appellees.*

_____

Appearing for Appellant:     Rory J. Radding, Edwards Wildman Palmer LLP, New York, N.Y.

Appearing for Appellees:     Anthony Fletcher, Kristen McCallion, Fish & Richardson P.C.,
                             New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Cote, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Erchonia Corp. f/k/a/ Therapy Prods., Inc. ("Erchonia") originally appealed a grant of summary judgment in favor of appellees Lionel Bissoon, M.D., d/b/a Mesotherapie & Estetik, Meridian America Medicals, Inc., Meridian Medical Inc., Meridian Co., Ltd. ("Meridian") on appellant's claims of trademark infringement and false advertising. We affirmed the grant of summary judgment on the trademark infringement claim, but affirmed only in part on the false advertising claim. On that claim, we remanded "in part to the district court, pursuant to the procedure outlined in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir.1994), for clarification on the basis of the district court's decision to dismiss the false advertising claim regarding (a) how the Meridian lipolaser works, (b) how effective Meridian's laser is, (c) whether Meridian's laser has been approved by the FDA, and (d) who has endorsed Meridian's laser." *Erchonia Corp. f/k/a/ Therapy Prods., Inc. v. M.D. Lionel Bissoon d/b/a Mesotherapie & Estetik, Meridian America Medicals, Inc., Meridian Medical Inc., Meridian Co., Ltd.*, 410 Fed. Appx. 416, *419-20 (2d Cir. 2011).  We indicated "it [was] unclear, inter alia, when discovery actually ended," since certain contention interrogatories were not served until five weeks after fact discovery purportedly ended. *Id.* at 419. The district court has now explained the basis for its determination and the appeal has been reinstated. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review dismissals for failure to comply with Federal Rule of Civil Procedure 8 for abuse of discretion. *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995). We find there was no abuse of discretion in the district court's refusal to consider the alternate bases for appellant's claims. Though we are not compelled to do so, we have conducted a de novo review of the record, and we find that notice was not given to Meridian until the October 3, 2008, deposition of Steve Shanks. That date was only a week before fact discovery was scheduled to end on October 10, 2008.  Though certain contention interrogatories were not served until well past that date, we find compelling the district court's explanation that, due to the special function of contention interrogatories in the Southern District of New York, the receipt of such interrogatories did not constitute an extension of fact discovery. Given that, and given the complete lack of notice to Meridian until October 3, 2008, of the alternate bases for relief, we conclude that the district court's dismissal of those bases was not an abuse of discretion.

We have examined appellant's remaining arguments and find them to be without merit.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2