**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1276
_____

PATRICK D. TILLIO, SR.,
Appellant

v.

F. HARRY SPIESS, JR.; MONTGOMERY COUNTY; MONTGOMERY COUNTY
COURTHOUSE; STEVEN T. O'NEILL, Montgomery County Courthouse; JOE
RANNAEZY, Vincent's Hardwood Flooring; LAUREN MCSORLEY; MICHAEL P.
DIGNAZIO
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. D.C. Civil No. 11-cv-0288)
District Judge:  Honorable Cynthia M Rufe
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2011

Before:  JORDAN, GARTH and BARRY, Circuit Judges

(Opinion filed: August 4, 2011 )
_____

OPINION
_____

PER CURIAM

      Patrick Tillio, proceeding *pro se*, appeals the decision of the District Court

1

dismissing his complaint without prejudice for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure. In January 2011, Tillio filed a five-page handwritten complaint. On January 20, 2011, the District Court, *sua sponte*, dismissed Tillio's complaint without prejudice and closed the case statistically, because it was "rambling and unclear" and therefore failed to meet the pleading standards set forth in Rule 8(a).

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. This Court reviews a district court's dismissal of claims under Rule 8 for abuse of discretion. In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996).

Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint for failure to comply with Rule 8, but dismissal "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). Although the complaint Tillio submitted was, as the District Court noted, "rambling and unclear," district courts generally must allow plaintiffs leave to amend deficient complaints prior to dismissal unless doing so would be futile. Simmons, 49 F.3d at 87; cf. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

We conclude that the District Court did not abuse its discretion in dismissing Tillio's complaint for failure to comply with Federal Rule of Civil Procedure 8. None of his submissions to the District Court or to this Court reveals any factual or legal basis for

2

a federal claim. Although a district court should generally give leave to amend prior to dismissing or making its own determination whether any amendment would be futile, <u>Simmons</u>, 49 F.3d at 87, we are satisfied—especially in light of Tillio's unclear appellate filings—that the District Court did not abuse its discretion by dismissing his complaint without leave to amend. <u>Cf.</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002).

For the foregoing reasons, we shall affirm the judgment of the District Court.