**DLD-271**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2594
_____

PATRICK D. TILLIO, SR.,
Appellant

v.

DAVIS, BENNETT, BARR & SPIESS PENNGRASS ATTORNEYS AT LAW;
VINCENT'S HARDWOOD FLOORING; LAUREN MCSORLEY; MIKE DIGNAZIO;
JAMS WAIST; FRANK KANE; PIECE & CANIGLIA ATTORNEY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 11-cv-03245)
District Judge:  Honorable Cynthia M. Rufe
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 18, 2011

Before:  FISHER, BARRY and VAN ANTWERPEN, Circuit Judges.

(Filed: September 9, 2011  )
_____

OPINION
_____

PER CURIAM

     Patrick D. Tillio, Sr., appeals pro se from the District Court's dismissal of his

complaint.  We will affirm.

Tillio filed suit pro se against a law firm and other defendants. His complaint is difficult to follow, but he appears to seek damages arising from unspecified fraud in connection with the execution of a writ of possession for property located in Ardmore, Pennsylvania, which according to his complaint appears to be the subject of state court proceedings. He also filed a motion for leave to proceed in forma pauperis ("IFP"). By order entered May 25, 2011, the District Court granted Tillio leave to proceed IFP and dismissed his complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B). As the District Court noted, Tillio's complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure and alleges nothing suggesting that any defendant acted under state law. Tillio appeals.

We have jurisdiction under 28 U.S.C. § 1291, and we review the District Court's dismissal of an IFP complaint as frivolous for abuse of discretion. See Denton v. Hernandez, 504 U.S. 25, 33 (1992). We perceive no abuse of discretion here. We agree that Tillio's complaint does not comply with Rule 8(a) and fails to allege anything suggesting a federal claim. District courts generally should not dismiss a complaint as frivolous if it could be cured by amendment, and the District Court did not address that possibility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 112-13 (3d Cir. 2002). We are satisfied, however, that any amendment would be futile. Tillio has filed at least two other similar complaints against a member of the law firm defendant in this case. (E.D. Pa. Civ. Nos. 04-cv-03704 & 11-cv-00288.) The District Court dismissed the first of these suits in 2004, and we dismissed Tillio's resultant appeal for failure to prosecute.

2

(C.A. No. 04-3666, Nov. 8, 2004 order.) The District Court also dismissed the second of these suits. We recently affirmed that ruling and noted that leave to amend would have been futile because "[n]one of [Tillio's] submissions . . . reveals any factual or legal basis for a federal claim." <u>Tillio v. Spiess</u>, No. 11-1276, 2011 WL 3346787, at *1 (3d Cir. Aug. 4, 2011). The same is true here. If there were any basis for a federal claim, Tillio has had ample opportunity to present it. Accordingly, we will affirm the judgment of the District Court.