**GLD-062**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3807
_____

PATRICK D. TILLIO, SR.; EMANUELA COKER, Esquire; JIM OSMAN

PATRICK D. TILLIO, SR,
                                    Appellant

v.

NORTHLAND GROUP INC; SHERAWN M HOLLIE;
HARRY SPIESS; VINCENT'S HARDWARE FLOORING; JULES MANDELSOHN
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. D.C. Civil No. 11-cv-05516)
District Judge:  Honorable Cynthia M Rufe
_____

Submitted for Possible Dismissal for Lack of Jurisdiction,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 8, 2011

Before:  FUENTES, GREENAWAY, JR., and STAPLETON, Circuit Judges

(Opinion filed: January 4, 2012)
_____

OPINION
_____

PER CURIAM

Patrick Tillio, Sr., proceeding *pro se*, appeals the decision of the District Court dismissing his complaint without prejudice for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure. Tillio filed a pro se complaint against several individuals which appears to allege that they had 'scammed' him in some fashion. The complaint offered little insight into either the nature of his claims or any basis for federal jurisdiction. The District Court determined that his complaint did not comply with Rule 8(a) of the Fed. R. Civ. P. and dismissed it without prejudice. It further provided Tillio with 30 days during which to amend his complaint prior to administratively closing the case. Tillio did not amend, and appealed after that period had run.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291[1] and review the District Court's dismissal under Rule 8 for an abuse of discretion. In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996). Rule 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint for failure to comply with Rule 8, but dismissal "is usually reserved for those cases in which the complaint is so

---

[1] "Generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976). "Only if the plaintiff cannot amend or declares his intention to stand on his complaint does the order become final and appealable." Id. at 951-52. Here, Tillio did not amend his complaint within the 30 days provided by the District Court and instead appealed after the period's close. As a result the

confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). We agree with the District Court that Tillio's complaint was rambling and unclear, and discern no error in its dismissal.

As the appeal presents no substantial question, we will summarily affirm the judgment below. See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6

---

District Court's order is deemed final and appealable.