BLD-184                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1216
_____

ROBERT BROWN,
                    Appellant

v.

HENRY COLLINS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-12-cv-02265)
District Judge:  Honorable Petrese B. Tucker

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
April 4, 2013

Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: April 17, 2013 )
_____

OPINION
_____

PER CURIAM

        Robert Brown, proceeding pro se, sued defendant Henry Collins under Title VII of

the Civil Rights Act of 1964, alleging that he had been employed by Collins as a janitor

for several years but was paid below minimum wage for his work.  Collins moved for

judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), arguing among other things that because he had never employed fifteen or more employees, he was not an "employer" for purposes of coverage under Title VII. See 42 U.S.C. § 2000e(b). The District Court determined that because Collins did not meet the § 2000e(b) threshold, it lacked subject matter jurisdiction over the action. Accordingly, the District Court granted Collins' motion and dismissed the suit with prejudice. Brown now appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We review de novo the District Court's grant of a motion for judgment on the pleadings under Rule 12(c). DiCarlo v. St. Mary Hosp., 530 F.3d 255, 259 (3d Cir. 2008). "Judgment will only be granted where the moving party clearly establishes there are no material issues of fact, and that he or she is entitled to judgment as a matter of law." Id.

The District Court erred in its determination that it lacked subject matter jurisdiction. "[T]he fifteen-employee threshold is a substantive element (whether an 'employer' exists) of a Title VII claim and is not jurisdictional." Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 83 (3d Cir. 2003). However, we conclude that we can affirm on other grounds. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011). Because Collins was not an "employer" for the purposes of Title VII, see 42 U.S.C. § 2000e(b), he was entitled to judgment as a matter of law. See Nesbit, 347 F.3d at 89. Accordingly,

---

[1] Although the District Court's docket indicates that Collins' answer included a counterclaim, Collins did not caption it as such and we construe that filing merely as preserving Collins' right to filed a post-trial motion pursuant to Fed. R. Civ. P. 54(d) for attorney's fees. He has not filed such a motion, and the District Court's dismissal of Brown's complaint is therefore final and appealable.

the District Court did not err in granting his motion for judgment on the pleadings.[2]

Brown's appeal therefore presents no substantial question, and we will summarily affirm. See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.

---

[2] The District Court correctly denied Brown's motion for recusal as that motion was based solely on Brown's dissatisfaction with the Court's earlier denial of his motion for default judgment. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal."). We note that Brown captioned his suit as arising under Title VII and did not object to Collins' characterization of his claim as one of discrimination; however, his complaint may be construed as sounding under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. If so, it nevertheless failed to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a district court should generally give leave to amend prior to dismissing under such circumstances or make its own determination whether any amendment would be futile, Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995), we are satisfied that the District Court did not abuse its discretion by dismissing Brown's complaint without leave to amend. Cf. Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). To the extent Brown argued that Collins otherwise infringed his constitutional rights, he cannot recover under 42 U.S.C. § 1983 because he alleges nothing suggesting that Collins "acted under color of state law." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175-76 (3d Cir. 2010).