08-4416-cv
Rogers v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of December, two thousand nine.

PRESENT:
GUIDO CALABRESI,
ROSEMARY S. POOLER,
             <u>Circuit</u> <u>Judges</u>,
LAWRENCE E. KAHN,*
             <u>District</u> <u>Judge</u>.

_____

Phyllis Rogers,

      <u>Plaintiff-Appellant</u>,

      v.                                               08-4416-cv

The City of New York, Civil Court of New York,

      <u>Defendants-Appellees</u>,

Housing Prevention & Development,

      <u>Defendant</u>.

_____

* Lawrence E. Kahn, Senior Judge of the United States District Court for the Northern District of New York, sitting by designation.

FOR APPELLANT:          Phyllis Rogers, pro se, New York, NY.

FOR APPELLEES:          Michael A. Cardozo, Corporation Counsel of the City of New
                        York; Pamela Seider Dolgow, Assistant Corporation Counsel (on
                        the brief), New York, NY.


        Appeal from a judgment of the United States District Court for the Southern District of
New York (Sand, J.).

        **UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND
DECREED** that the judgment of the district court be **AFFIRMED**.

        Appellant Phyllis Rogers, pro se, appeals the district court's grant of the Defendants'
Federal Rule of Civil Procedure 12(b)(6) motion to dismiss her appeal, alleging violations of the
Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112-12117, and the Racketeer
Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968. We assume the
parties' familiarity with the underlying facts, the procedural history of the case, and the issues on
appeal.

        Because Rogers does not challenge on appeal the district court's dismissal of her racial
discrimination claim, or her ADA claim concerning her memory loss, those claims are
abandoned. See LoSacco v. City of Middletown, 71 F.3d 88, 92-93 (2d Cir. 1995) (when a
litigant, even if proceeding pro se, raises an issue before the district court but does not raise it on
appeal, it is abandoned).

        We review de novo a district court's dismissal of a complaint pursuant to Federal Rule of
Civil Procedure 12(b)(6), construing the complaint liberally, accepting all factual allegations as
true, and drawing all reasonable inferences in the plaintiff's favor. See Chambers v. Time
Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). "The Federal Rules of Civil Procedure require
that a complaint contain 'a short and plain statement of the claim showing that the pleader is
entitled to relief,' and that each averment be 'concise, and direct.'" Simmons v. Abruzzo, 49
F.3d 83, 86 (2d Cir. 1995) (quoting Fed. R. Civ. P. 8(a)(2), 8(d)(1)). In this regard, the
complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell
Atlantic Corp. v. Twombly, tt0 U.S. 544, 570 (2007). Although all allegations contained in the
complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Ashcroft v.
Iqbal, 129 S. Ct. 1937, 1949 (2009). A claim will have "facial plausibility when the plaintiff
pleads factual content that allows the court to draw the reasonable inference that the defendant is
liable for the misconduct alleged." Id.

        To establish a prima facie case of discrimination by a public entity under the ADA, a
plaintiff must show that: (1) she has a qualified disability within the meaning of the ADA; (3)
she was excluded from participation in or denied benefits of the services, programs, or activities
of a public entity, or she suffered discrimination by any such entity. See Powell v. Nat'l Bd. of

2

Med. Exam., 364 F.3d 79, 84-95 (2d Cir. 2004).  An employee is not disabled under the ADA unless the impairment substantially limits one or more major life activities.  42 U.S.C. § 12102(2)(A) & (C); see Ryan v. Grae & Rybicki. P.C., 135 F.3d 867, 869 (2d Cir. 1998). "Merely having an impairment does not make one disabled for purposes of the ADA. Claimants also need to demonstrate that the impairment limits a major life activity." Toyota Motor Mfg. v. Williams, 534 U.S. 184, 195 (2002).[1]

Here, the district court properly determined that Rogers failed to state a claim under the ADA because she was not "disabled" within the meaning of the Act.  Rogers alleged in her complaint that she suffered from a disability because she experienced shortness of breath when she climbed stairs.  However, an inability to climb stairs, at least in the circumstances alleged, is not a substantial limitation of a major life activity so as to render Rogers disabled under the ADA.  See Piascyk v. City of New Haven, 64 F. Supp. 2d 19, 26 (D. Conn. 1999).

The same is true with respect to Rogers's claim that her memory loss constituted a disability under the ADA, because the doctor's note she included, which stated that it would "be to her benefit not to be moved from her residence" was not sufficient to establish that the memory loss was a disability.  The doctor's letter further avers he could not detect any "obvious illness" that was the cause of the memory loss.  The complaint and the record do not support a claim that the memory loss suffered by Rogers constitutes a "major life activity" within the meaning of the ADA. See Reeves v. Johnson Controls World Servs., 140 F.3d 144, 153-54 (2d Cir. 1998).

In addition, the district court correctly held that, because there is no municipal liability under RICO, Rogers's civil RICO claim failed to state a cause of action.  See Frooks v. Town of Cortlandt, 997 F. Supp. 438, 457 (S.D.N.Y. 1998) (citing cases); see also Pedrina v. Chun, 97 F.3d 1296, 1300 (9th Cir. 1996) (rejecting as a matter of law a RICO claim against a city defendant).

We have considered all of Rogers's remaining claims of error and determined them to be without merit. Accordingly, there is no basis on which to challenge the judgment of the district court. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

---

[1] In 2008, Congress expressly superseded Toyota Motor Mfg. by statute in the ADA Amendments Act of 2008, Pub. L. No. 110-325, 112 Stat. 3353 (2008). These revisions however, were not in effect at the time of the events that are the subject of this appeal.