18-0405-cv
*Hirsch v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand eighteen.

PRESENT:
> JOHN M. WALKER, JR.,
> PIERRE N. LEVAL,
> PETER W. HALL,
> > *Circuit Judges.*

---

HAROLD HIRSCH,

> *Plaintiff-Appellant,*

> v.                                                             No. 18-0405-cv

CITY OF NEW YORK, NEW YORK DEPARTMENT OF BUILDINGS, DEPARTMENT OF ENVIRONMENTAL PROTECTION,

> *Defendants-Appellees,*

JOHN DOE DEPARTMENT OF BUILDINGS AND DEPARTMENT OF ENVIRONMENTAL PROTECTION OFFICIALS/INSPECTORS, (THE NAME JOHN DOE BEING FICTITIOUS, AS THE TRUE NAME IS PRESENTLY UNKNOWN),

> *Defendant.*\*

---

\* The Clerk of the Court is respectfully directed to amend the official caption as set forth above.

Appearing for *Plaintiff-Appellant*: LAWRENCE J. FREDELLA, New York, N.Y.

Appearing for *Defendants-Appellees*: QIAN JULIE WANG, Assistant Counsel (Richard Dearing, Devin Slack, *on the brief*), *for* Zachary W. Carter, Corporation Counsel, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Ramos, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on January 11, 2018, is **AFFIRMED**.

Plaintiff-Appellant Harold Hirsch appeals the district court's grant of a motion to dismiss filed by defendants, the City of New York, the City of New York Department of Buildings (the "DOB"), and the New York City Department of Environmental Protection (the "DEP") (collectively, the "City" or "defendants"), under Federal Rule of Civil Procedure Rule 12(b). Plaintiff brought the action pursuant to 42 U.S.C. § 1983, 18 U.S.C. § 241, and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO"), alleging violations of his federal constitutional rights based on the City's failures to follow its own regulations and to intervene to protect citizens from having their rent-stabilized apartments destroyed by third-party private citizens. Additionally, plaintiff alleges the City was part of conspiracy with the private citizen owners of his apartment to violate his constitutional rights and that it violated RICO by its scheme to defraud citizens and create more market rate apartments for its pecuniary benefit. In a written Opinion

2

and Order dated January 10, 2018, the district court granted defendants' Rule 12(b) motion to dismiss. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* the grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While we accept as true all factual allegations and draw from them all reasonable inferences, "we are not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013).

Plaintiff's complaint fails to set forth plausible allegations that his Fourth Amendment rights were violated. *See* U.S. Const., amend. IV. Even accepting all factual allegations as true, plaintiff makes no argument in his complaint or on appeal alleging that he or his property was subjected to an unreasonable search or seizure by the City. Because the claims are conclusory and lack any factual support for even an inference that defendants subjected plaintiff or his property to any search or seizure, we conclude that plaintiff has failed plausibly to allege a Fourth Amendment violation. The district court did not err in dismissing this claim. *See Iqbal*, 556 U.S. at 670.

With respect to plaintiff's claims under the Due Process Clauses of the Fifth and Fourteenth Amendments as recognized by 42 U.S.C. § 1983, we begin by noting that plaintiff has not asserted that he was deprived of his property without due process of the law or that his liberty was in any way constrained. Instead, plaintiff contends that the City is liable for their approval of building applications containing false information and their failure to prevent private actors from engaging in construction on his building that resulted in his being subjected to toxic environmental conditions in his apartment. Government action resulting in bodily harm is not a substantive due process violation unless "the government action was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Lombardi v. Whitman*, 485 F.3d 73, 79 (2d Cir. 2007) (quoting *Pena v. DePrisco*, 432 F.3d 98, 112 (2d Cir. 2005)). Additionally, only an affirmative act can amount to a substantive due process violation because the Due Process Clause "is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security." *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989). Here, plaintiff does not allege that defendants took any material affirmative action in bringing about the harms he alleges. At best, he is seeking to hold defendants liable on a state-created danger theory of liability for their failure to intervene or to restrain third-party construction.

"[I]n exceptional circumstances a governmental entity may have a constitutional obligation to provide . . . protection, either because of a special relationship with an individual, or because the governmental entity itself has created

or increased the danger to the individual." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 533 (2d Cir. 1993) (citing *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989)). This Circuit's state-created danger jurisprudence creates a high bar for a plaintiff to clear, and it has generally been hurdled only when the state affirmatively creates a danger that results in the likelihood of physical harm or death. *See Okin v. Vill. of Cornwall-On-Hudson Police Dep't*, 577 F.3d 415, 419 (2d Cir. 1993). The danger alleged by plaintiff in this case is dissimilar from the state-created dangers recognized in our prior precedents. In each of those cases a third party's criminal behavior harmed the plaintiff after a government actor—always a law enforcement officer—created the opportunity for the violent criminal act through some interaction with the wrongdoer. *See Pena*, 432 F.3d at 109. The approval of the work permits at issue here is not the type of "malicious and sadistic" abuse of power by governmental officials that we have recognized as enough to shock the conscience and rise to the level of a substantive due process violation. *See Valez v. Levy*, 401 F.3d 75, 93–94 (2d Cir. 2005).

The district court correctly held that, because there is no municipal liability under RICO, plaintiff's civil RICO claim failed to state a valid cause of action. *See Rogers v. City of New York*, 359 F. App'x 201, 204 (2d Cir. 2009) (summary order); *see also Frooks v. Town of Cortlandt*, 997 F. Supp. 438, 457 (S.D.N.Y. 1998) (citing cases). Moreover, Hirsch has failed plausibly to allege that the defendants in their individual capacities engaged in any RICO predicate acts. Under 18 U.S.C. § 1961(5), "Racketeering activity" is defined as acts that are indictable under specified criminal

statutes known colloquially as RICO "predicates." *See RJR Nabisco, Inc. v. European Cmty.*, 136 S. Ct. 2090, 2097 (2016). A "pattern of racketeering activity" consists of, among other things, "at least two acts of racketeering activity." 18 U.S.C. § 1961(5). To prove a "pattern," a civil RICO plaintiff "must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989). The only conduct that Hirsch identifies that could qualify as a RICO predicate is a vague reference in a heading in the complaint to "bribery" and another passing reference to a "pay-for-play" scheme. These two references, absent any factual support, are insufficient to allege plausibly that individual defendants were engaged in a pattern of racketeering activity that would comprise a RICO violation. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

The allegations that DOB and DEP issued building code violations to the owners of the property does not plausibly allege, or even remotely suggest, that a plausible conspiracy existed between defendants and the owners for purposes of 18 U.S.C. § 241. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570 (stating that if a plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] Complaint must be dismissed").

Finally, Hirsh asserts that he fully demonstrated a set policy or practice of the municipality that will lead to *Monell* liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694–95 (1978). *Monell*, however, does not provide a separate cause of action; it extends liability to a municipal organization when that organization's failure to

6

train or supervise, or the policies and customs that it has sanctioned, led to an independent constitutional violation. *See id.* at 694. Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* was entirely correct. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006).

We have considered plaintiff's remaining arguments and find them to be without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court