DLD-135                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3328

_____

EL AEMER EL MUJADDID,
                                        Appellant

v.

ANDREW BREWER; JOSH ROWBOTTOM; BRIAN FERGUSON; GREGG PERR;
SUSAN GRAUBART; COREY AHART; MARION KARP; DENNIS P. MCINERNEY;
WESTAMPTON TOWNSHIP COMMITTEE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-18-cv-14021)
District Judge: Honorable Robert B. Kugler

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 5, 2020
Before:  RESTREPO, PORTER, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 9, 2020)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

After receiving a traffic citation, Appellant El Aemer El Mujaddid filed suit in New Jersey Superior Court against the Westampton Township committee and several Westampton Township officers, administrators, and judges. The defendants removed the 285-paragraph complaint to the United States District Court for the District of New Jersey. After the District Court denied El Mujaddid's motion to remand the complaint to state court, El Mujaddid filed motions for appointment of counsel which were denied by the Magistrate Judge. He also filed a motion to amend his complaint. After the defendants moved to dismiss the initial removed complaint, El Mujaddid asked to withdraw the motion to amend and moved to file another amended complaint. The District Court dismissed the initial removed complaint as it did not comport with Federal Rule of Civil Procedure 8(a), an issue the Court raised sua sponte.[1] According to the District Court, the complaint did not contain a "short and plain statement of the claim," but instead alleged "legal conclusions, devoid of requisite factual support." El Mujaddid v. Brewer, No. 18-14021 (D.N.J. Apr. 1, 2019). The Court provided El Mujaddid 14 days to file a motion to amend the complaint consistent with Rule 8.

El Mujaddid filed a timely motion to amend the complaint with a proposed amended complaint. The proposed amendment repeated the same allegations that were made in the original complaint. Although the amended complaint, like the original complaint, is difficult to follow, El Mujaddid seems to have alleged that he was involved

---

[1] The Order also dismissed as moot El Mujaddid's motions for leave to file an amended complaint, motion for preliminary injunction, and motion for sanctions, as well as the defendants' motion to dismiss.

in an automobile accident with a third party not named in this suit. The named officers filled out a police report detailing the situation, which El Mujaddid claimed was inaccurate. Later, El Mujaddid received a traffic citation for careless driving based on the accident. Without any justifying details, El Mujaddid stated that the officers discriminated against him because of his ethnicity and falsified the reports. He further claimed that the officers did not have probable cause to issue the traffic citation, that they did not properly serve the citation, and that he was forced to appear before a municipal court based on allegedly false charges. El Mujaddid purported to make claims under 42 U.S.C. §§ 1983, 1985, and 1986, the First, Fourth, Thirteenth, and Fourteenth Amendments, the Civil Rights Acts of 1866 and 1875, the New Jersey Civil Rights Act, and the Constitution of New Jersey.

The District Court, noting that the proposed amended complaint did not cure the deficiencies addressed in the previous order, denied the motion to amend. El Mujaddid timely appealed. In this Court, he filed a motion for leave to file an overlength motion for summary action, a related motion for summary action, a motion for appointment of counsel, a motion for an injunction pending appeal, and two motions to consolidate.[2] For the reasons stated below, we will affirm the judgment of the District Court.

---

[2] In his first motion to consolidate, El Mujaddid sought to consolidate this appeal with two other appeals from cases arising from the same traffic citation but with different claims against different defendants. The Clerk granted the first motion in part and denied it in part, consolidating the other two appeals, but leaving this appeal to proceed separately. In the motion before us (for which El Mujaddid has submitted a "corrected version"), El Mujaddid seeks to consolidate this appeal with three other appeals, including the two already-consolidated appeals from the previous motion.

We have jurisdiction under 28 U.S.C. § 1291. We construe El Mujaddid's pro se allegations liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). We may summarily affirm on any basis supported by the record if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. We review both the District Court's dismissal of a complaint under Rule 8 and the denial of a motion to amend the complaint for abuse of discretion. See In re: Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996); Bechtel v. Robinson, 886 F.2d 644, 647 (3d Cir. 1989).

Rule 8(a) requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Each averment must be "simple, concise, and direct." Id. at 8(d)(1). "Taken together," Rules 8(a) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the federal pleading rules." In re: Westinghouse Sec. Litig., 90 F.3d at 702 (citation omitted). A district court may sua sponte dismiss a complaint for failure to comply with Rule 8 when the complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted).

We agree with the District Court that El Mujaddid's original complaint was anything but "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). It was so excessively voluminous and unfocused as to be unintelligible. In addition, despite the length of the complaint and proposed amendment, El Mujaddid did not plead any facts showing that he

4

was entitled to relief. See id. at 8(a)(2). Though he expressed displeasure at the alleged misinformation contained in the police report after his car accident and the traffic citation he was issued, there does not seem to be any indication in the complaint of a viable state or federal claim. We simply do not see any factual averments showing that the Westampton officials were engaged in race- or nationality-based discrimination, nor do we perceive any other constitutional violations based on the issuance of a traffic citation for careless driving or El Mujaddid's appearance before a municipal court. Though the complaint is replete with legal-sounding verbiage, it contains mostly conclusory statements with no factual bases.[3] The District Court's dismissal of the original complaint was thus proper.

Moreover, the District Court did not abuse its discretion in denying El Mujaddid's motion to amend the complaint. The order denying the original complaint made clear that El Mujaddid was required to plead a short and plain statement of the claim, more than just legal conclusions and vague assertions. However, the proposed amended complaint did not cure the deficiencies noted in the order. In fact, El Mujaddid sought in his motion to amend to add three new defendants and another constitutional claim regarding the alleged suspension of his driver's license. The proposed amended complaint was not significantly more "simple, concise, and direct" than the original

---

[3] For example, as the District Court noted, El Mujaddid claimed that he was "legally subjected to conditions of slavery," and that the defendants "conspired to frame him for careless driving in a conspiracy to deny him equal protection under the law because he is a Moor," engaged in a "Jim Crow revenue scheme to gain a… $200.00 debt," and "distorted the even-handed pursuit of justice," all without factual support.

complaint. Fed. R. Civ. P. 8(d)(1). Over the course of the litigation, El Mujaddid attempted to file three different amended complaints, none of which were drafted in accordance with Rule 8. The District Court need not have entertained another complaint containing only meandering and conclusory allegations.

Accordingly, because this appeal presents no substantial question, we will affirm the judgment of the District Court.[4] See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. El Mujaddid's motions for summary action,[5] appointment of counsel, injunction pending appeal, and consolidation are denied.

---

[4] El Mujaddid also appeals the denial of his motions for appointment of counsel and motion for reconsideration. Because El Mujaddid did not appeal those orders, issued by a Magistrate Judge, to the District Court, he has waived his right to object to them. See 28 U.S.C. § 636(b)(1); United Steelworkers of Am., AFL-CIO v. N.J. Zinc Co., 828 F.2d 1001, 1005 (3d Cir. 1987).

[5] El Mujaddid's motion for leave to file an overlength motion for summary action is granted.